407 So.2d 688 (1981)
STATE of Louisiana
v.
Terry E. FORD.
No. 81-KA-1115.
Supreme Court of Louisiana.
December 14, 1981.
*689 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Leon Cannizzaro, Kendall Green, John Craft, Asst. Dist. Attys., for plaintiff-appellee.
Clyde Merritt and Dwight Doskey, New Orleans, of Orleans Indigent Defender Program, for defendant-appellant.
SCHOTT, Justice Ad Hoc.[1]
Defendant was convicted of violating R.S. 14:95.1, to wit: attempted unlawful possession of a firearm by one who was previously convicted of manslaughter. He was sentenced to two years imprisonment.
On the night of the alleged offense two state troopers, Dean and Behlar, while patrolling the streets of New Orleans, observed an automobile weaving and crisscrossing between lanes. They activated their dome light and stopped the automobile, whereupon defendant exited from the driver's seat. While Behlar spoke to defendant at the rear of the car, Dean shone a flashlight into the car and saw the butt of a gun protruding from between the driver's *690 seat and the console. After reaching in the open window of the car and retrieving the weapon, which was an automatic pistol, he noticed that the serial numbers had been obliterated. The officers then ran a check and discovered that defendant was a convicted felon.
Defendant moved to suppress the introduction of the automatic pistol on the ground that his constitutional right against unlawful search was violated. The denial of his motion is the basis for the first of four assignments of error he makes in this court.
In considering this first assignment of error, we refer to State v. Parker, 355 So.2d 900 (La.1978), where the constitutional right against a warrantless search and seizure was discussed in the light, of the "plain view" and "exigent circumstances" doctrines. The plain view doctrine applies in the following circumstances:
1. There must be prior justification for an intrusion into a protected area;
2. The evidence is discovered inadvertently;
3. It is immediately apparent without close inspection that the items are evidence or contraband.
The facts of this case present no problem with respect to the first and second criteria. It was quite reasonable for the officers to stop this defendant and it was surely a normal police function for one of the officers to shine his flashlight on the inside of defendant's car to see what might be readily apparent there, while the other officer observed defendant at close range and questioned him in connection with suspected driving under the influence of alcohol or drugs. The butt of the gun was thus discovered inadvertently during this justified intrusion into the "protected area" of defendant's automobile.
The third criterion to support the application of the plain view doctrine was not present, but the officer was justified in reaching in to retrieve the weapon under the exigent circumstances rule discussed in State v. Parker, supra, where it was held:
"... If the evidence is itself within a protected area, the officer may not enter that area to effect the seizure without first obtaining a warrant, absent exigent circumstances or another exception to the warrant requirement."
In the Parker case the evidence was discovered in the defendant's unoccupied van which was parked in his driveway for the night. The court found no exigent circumstances to justify a warrantless seizure of the evidence in the van because a warrant could easily have been obtained without the risk of the van being moved and the evidence lost.
The instant case is quite different. Once the officer knew defendant had the gun in his car their suspicions, created initially by defendant's erratic driving, were naturally strengthened; they naturally became apprehensive; and they did not have the choice of obtaining a warrant. In effect, they were required to examine the weapon then and there or simply allow defendant to re-enter his car, re-arm himself, and drive away. Exigent circumstances existed to justify the officer's conduct and the motion to suppress was properly denied.
Defendant's second assignment of error involves the prosecutor's reading of a statement of facts from his previous conviction, including the statement that the synopsis had been read and approved by the former trial judge. Defendant himself opened the door to broad cross examination on the details of his previous conviction when, after stipulating that he had been convicted of manslaughter, he testified on direct examination as to circumstances which suggested considerable mitigation for the offense. His version of the circumstances was contradictory to the summary of the facts contained in the record of the previous conviction, signed by the assistant district attorney and the judge who presided over the previous trial. Defendant's objection is that he was prejudiced because of the prosecutor's question to him as to whether the judge had made these statements following his previous trial. Defendant *691 argues that this was unfair because the injection of the judge's summary into the minds of the jury placed him at an unfair disadvantage in trying to get the jury to accept his own statement of those facts. In view of the fact that defendant's previous conviction of manslaughter was not an issue at the trial when defendant had stipulated to this effect, we fail to see how he was prejudiced by the prosecutor's statement.
Defendant's third assignment of error is that the prosecutor in his closing statement referred to the 11 to 1 vote on the verdict at his previous conviction. We fail to see any merit to this assignment for the same reason discussed above in connection with the second assignment of error.
Finally, defendant assigns error in the jury's returning a verdict of attempted unlawful possession of a firearm, argues that attempt cannot be a responsive verdict under the facts of the case. R.S. 14:27(C) makes an attempt a lesser included offense of the charged crime. Defendant's argument appears to be with the legislature's definition of an attempt, but we are not persuaded that his rights were somehow violated when the jury convicted him only on attempt when they could have convicted him of the crime itself. Perhaps they reasoned that his offense was committed when he was outside the car and not in physical possession of the firearm at that time. Regardless, we find no merit to this assignment.
Accordingly, the conviction and sentence are affirmed.
DENNIS, J., dissents with reasons.
LEMMON, J., concurs. See State v. Reed, 388 So.2d 776 (La.1980), (Lemmon, J., concurring).
DENNIS, Justice, dissenting.
Since a firearm, without more, is not evidence or contraband, the officers were not entitled to seize it before obtaining knowledge that made it a crime for defendant to possess it.
NOTES
[1] Judges Schott, Chehardy and Barry of the Court of Appeal, Fourth Circuit, participated in this decision as associate justices ad hoc, joined by Justices Calogero, Dennis, Watson and Lemmon.