COVINGTON, Judge.
The defendant, Michael Johnson, was charged by Bill of Information with the crime of armed robbery in violation of LSA-R.S. 14:64, arising from an incident involving the robbery of Ivan Milieri, a convenience store attendant, at gun-point by Johnson and Alvin Williams on June 8, 1982. Johnson was convicted after a trial by jury of robbing Milieri while armed with a .410 single-shot shotgun. The trial judge sentenced the defendant to twenty-five years at hard labor with credit for time served. It is from this conviction and sentence that the defendant has appealed, assigning three errors as the basis of his appeal.[1]
DENIAL OF REVIEW OF PRE-SEN-TENCE INVESTIGATION REPORT
In this assignment of error, the defendant contends that the trial court committed error when it refused the defense’s specific request to review the defendant’s pre-sentence investigation (P.S.I.) report. The defendant relies upon State v. Underwood, 353 So.2d 1013 (La.1977), and argues that because he was unable to review the P.S.I. report, he was unable to refute any false or invalid information contained therein. Underwood is clearly distinguishable in that the Underwood pre-sentence report was shown to be materially and preju-dicially false. Such is not the case here.
The case of State v. Berain, 360 So.2d 822 (La.1978), holds that there is no basis for allowing defense counsel access to the P.S.I. report unless he alleges that the report was “materially and prejudicially false.” There *638 has been no such allegation made in the instant case. See State v. Boone, 364 So.2d 978 (La.1978), cert. den. 444 U.S. 825, 100 S.Ct. 46, 62 L.Ed.2d 31 (1979).
Also, although defense counsel told the court that the defendant did not recall one of the (many) previous illegal acts considered by the court prior to sentence, and the court told counsel to proceed to file the appropriate motion to traverse that portion of the P.S.I., and a contradictory hearing would be held, such a motion does not appear in the record.
Furthermore, the record does not show that any of the information relied on by the trial judge in sentencing the defendant was erroneous or false in any respect.
Therefore, we hold that it was within the sound discretion of the trial judge to refuse to disclose the pre-sentence information under the circumstances of this case.
This assignment lacks merit.
EXCESSIVE SENTENCE
The defendant further urges that the trial court erred in imposing an excessive sentence.
Article I, Section 20 of the Louisiana Constitution of 1974 provides that no law shall subject a person to “. . . cruel, excessive, or unusual punishment.”
Excessive punishment in Louisiana has been defined by Louisiana courts, as e.g., State v. Crook, 253 La. 961, 221 So.2d 473, 476 (1969), as that which is:
[b]arbarous[,] extraordinary, or grossly disproportionate to the offense. In short, the constitutional prohibition is directed to punishments that shock the conscience of civilized men.
In State v. Cox, 369 So.2d 118, 121 (La.1979), the Supreme Court enunciated its policy in reviewing sentences on the ground of excessiveness:
. .. [The Court] may vacate a sentence and remand for resentencing, when the reasons for an apparently severe sentence in relation to the particular offender and the actual offense committed do not appear in the record.
Moreover, the Court held in State v. Brown, 395 So.2d 1301 (La.1981), that a sentence must be grossly out of proportion to the crime before the appellate court will vacate and remand for re-sentencing. The trial judge has wide discretion in the imposition of sentence, given compliance with Article 894.1, and the sentence imposed will not be set aside in the absence of manifest abuse of discretion. State v. Feeback, 414 So.2d 1229 (La.1982).
The record reflects that the trial judge did not abuse his discretion in sentencing the defendant. He listed the factors which he considered in the sentencing.
... In pronouncing this sentence and in accordance with the provisions of Article 894.1 of the Louisiana Code of Criminal Procedure, the Court cites ... the defendant’s prior criminal record. As a juvenile the defendant was arrested on April 6, 1976, and charged with aggravated battery. On April 29, 1976, the defendant was counseled and warned by the Family Court Center. As an adult the defendant has at least twelve arrests which have resulted in several misdemeanor convictions including: misdemeanor theft, possession of marijuana on February 13, 1979, a March 19, 1980 arrest which resulted in conviction for driving while intoxicated, similarly on April 5, 1980 arrest for reckless operation, misdemeanor theft and [unauthorized use of a movable on February 23, 1981, again driving while intoxicated on November 30, 1981, unauthorized use of a movable on November 14,1982, and finally driving while intoxicated on June 7, 1982. .. . [A]nd the Court cites the defendant’s disregard for human life by creating the highly emotional atmosphere surrounding an armed robbery and his clear and convincing escalation of criminal activities beginning as a juvenile in 1976 as previously stated.
We hold that the trial judge was within his discretion in sentencing the defendant to twenty-five years imprisonment under the circumstances of this case. He *639 properly used the criteria as set forth in Article 894.1 of the Louisiana Code of Criminal Procedure. Specifically, the trial judge referred to the defendant’s prior arrests, twelve since 1976. Due to the serious nature of the present offense, which endangered human life, a lesser sentence would tend to diminish the seriousness of the crime. The maximum sentence allowable by law for a conviction of armed robbery is ninety-nine years without benefit of probation, parole, or suspension of sentence. LSA-R.S. 14:64. The imposition of approximately one-fourth of the maximum sentence allowable is certainly not excessive under the circumstances.
The trial judge need not articulate every aggravating and mitigating circumstance recited in LSA-C.Cr.P. art. 894.1, provided the record reflects that the trial judge adequately considered these guidelines in particularizing the sentence to the defendant and to his conduct. State v. Trahan, 412 So.2d 1294 (La.1982). It is clear from the record of the instant case that the jury found the defendant guilty of robbery while armed with a loaded shotgun. The victim’s life was endangered. The trial judge was justified in taking these facts, the defendant’s prior criminal record and any mitigating circumstances into consideration in imposing sentence. Therefore, the sentence which was nearer the minimum side of the statutory range (showing that the mitigating factors were given due weight) than the maximum, was well within the discretion of the trial judge and not excessive when considering all of the factors involved.
The assignment of error is without merit.
PATENT ERROR
The defendant received a sentence on the armed robbery conviction of twenty-five years at hard labor. This sentence is illegal. A sentence for armed robbery must be served “without benefit of parole, probation or suspension of sentence.” LSA-R.S. 14:64(B). The trial court failed to include this required language in his sentence. The state has not sought review of the sentence. Such error is patent.
Sentencing errors patent on the face of the record may be recognized by appellate courts on their own' motion. LSA-C.Cr.P. art. 920.
The question of what action an appellate court is to take when there is a patent sentencing error adverse to the state, although review was not sought by the state, has been most recently considered by another panel of this Court in its opinion in “State of Louisiana v. Eli Jackson,” 349 So.2d 622 on the docket of this Court handed down this date.[2] We are most impressed with the thoroughness of this scholarly opinion. For the reasons so cogently expressed in Jackson, we amend the sentence for armed robbery to provide that it shall be served without benefit of parole, probation or suspension of sentence. In all other respects, the conviction and sentence are affirmed.
CONVICTION AFFIRMED, SENTENCE AMENDED AND AFFIRMED.

. Assignment of error number 1 urged that the trial court committed error when it overruled the defense’s objection to a question asked by the prosecution of the defendant. This assignment was not briefed and is, therefore, considered abandoned. Rule 2-12.4, Uniform Rules of the Courts of Appeal.

. See also the treatment of this issue by this panel in State v. Thomas, 349 So.2d 629, handed down this date.