445 So.2d 47 (1984)
STATE of Louisiana
v.
Karl GATLIN.
No. KA-0843.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1984.
*48 Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Crim. Div., New Orleans, Harry F. Connick, Dist. Atty., Beryl M. McSmith, Asst. Dist. Atty., New Orleans, for the State.
Before GARRISON, KLEES and CIACCIO, JJ.
CIACCIO, Judge.
Defendant, Karl A. Gatlin, was charged with being a convicted felon in possession of a firearm. R.S. 14:95.1. He was tried before a jury, found guilty as charged and sentenced to serve (10) years in prison, at hard labor. The defendant appeals his conviction and sentence relying on one (1) assignment of error. We affirm the defendant's conviction, vacate the sentence and remand for resentencing.
On August 18, 1981 at approximately 3:40 A.M., Officers Athena Capello and Wyatt Frazier were on routine patrol on Canal Street in New Orleans. At that time they observed the driver of a bronze vehicle disregard a stop light at the intersection of Canal and Dauphine Streets. The police officers proceeded to follow the subject car and a high speed chase ensued through the streets of the French Quarter. During the chase, the defendant disregarded traffic signs and his vehicle reached speeds of 50-60 miles per hour. The defendant was forced to stop when a vehicle blocked his path at Bienville and Dauphine Streets. While approaching the defendant's vehicle, Officer Capello observed the defendant reach under the car seat. The police officers ordered Gatlin and his girlfriend, Angela Guiterrez, to step out of the car. At the time, Officer Capello observed a large white plastic see-through bottle, which appeared to contain black capsules, on the floor of the car near the brake and accelerator. She also observed two small orange-brown bottles containing pills. Officer Capello performed a pat down search of the defendant and Officer Frazier performed a search of his girlfriend. It was discovered that the defendant did not have a driver's license. He was arrested for traffic violations and narcotics offenses. He was informed that, due to the narcotics violations, his car was going to be impounded. Officer Capello asked him if there was anything of value in the car that the defendant wanted removed before the car was impounded. According to the police officers the defendant hesitated and then told them that his gun was in the trunk of the car. Officer Capello testified that she opened the trunk of the car, with the defendant's permission, and she retrieved a *49 loaded black automatic pistol which was in plain view. Officer Capello gave the gun to Sergeant Morales who placed it on the dashboard of the police car. A check of the gun's registration failed to reveal a registrant. However, a computer check of the defendant's name revealed that he was a convicted felon.
At the trial, the defendant refuted the story of the two police officers. He stated that on the night of the alleged offense he had left a bar with his girlfriend and was on his way home when he decided to stop at a store located between Dauphine, Iberville and Bienville Streets. He stated that he proceeded up Chartres Street to St. Louis Street where he turned at Dauphine and proceeded towards Canal Street. He said that this is where he was stopped by the police and accused of disregarding a stop light at Dauphine and Canal Street. He testified that he told the police he had not yet reached the mentioned intersection. He also testified that he informed the policeman that he had lost his driver's license, and, when the policeman began to search his car, he objected because they did not have a warrant.
The defendant also testified that the vehicle he was driving was rented from Ohio by his boss, Louie Hilvey. The defendant stated that he had been using the car for two months but the vehicle was also driven by his boss and by the defendant's neighbor. Gatlin further stated that he didn't know who owned the gun and that he had never handled it. He contended that the narcotics found in the car belonged to his girlfriend and he had not heard from her since his arrest.
The defendant's sole assignment of error is a request for review of the record for errors patent on its face. La. Const. Art. 1 Sec. 19 (1974). La.C.Cr.P. Art. 920(2).
Our review of the record reveals an error in sentencing. No other errors discoverable by a mere inspection of the pleadings and proceedings have been found. La.C. Cr.P. Art. 920(2).
The defendant was found guilty of being a convicted felon in possession of a firearm and was sentenced to "serve Ten (10) years at hard labor in the custody of the Department of Correction for the State of Louisiana".
One found guilty of being a convicted felon in possession of a firearm shall be subject to the following sentence:
R.S. 14:95.1(B) ... shall be imprisoned at hard labor for not less than three years nor more than ten years without the benefit of probation, parole or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars (Emphasis Supplied)
The clear language of the statute indicates that a conviction for this offense mandates a sentence of imprisonment and a fine. In this case no fine was imposed as required by law, and thus, the case must be remanded to the district court for resentencing, in order that a fine can be imposed. La.C.Cr.P. Arts. 882 and 916. In this case the statute provides for a minimum and maximum fine, thus requiring the imposition of some fine. This case is distinguishable from State v. Williams, 439 So.2d 387 (La., 1983). In the Williams case supra the statute in question (R.S. 14:52) only provided for a maximum fine, thus giving the trial court the discretion of refusing to impose a fine. In this case no such discretion existed and the case must be remanded for the imposition of a fine.
Furthermore, the record fails to reveal that the sentence is to be served "without the benefit of probation, parole or suspension of sentence", as required by statute. R.S. 14:95.1(B). The Louisiana Supreme Court has held that the ommission of this restriction will render a sentence "unlawfully lenient." State v. Telsee, 425 So.2d 1251 (La., 1983). Although the subsequent case of State v. Napoli, 437 So.2d 868 (La., 1983) appears to be in conflict with Telsee, supra, we adopt the rationale utilized by our brethern of the First Circuit, who followed the Telsee approach in the cases of State v. Jackson, 439 So.2d 622 (La.App., 1st Cir., 1983); State v. Thomas, 439 So.2d *50 629 (La.App., 1st Cir., 1983); State v. Johnson, 439 So.2d 636 (La.App., 1st Cir., 1983). Accordingly, we find Gatlin's sentence is illegally lenient and we, therefore, remand this case to the district court in order that the sentence be amended to add the imposition of the mandatory fine and to specify that it is to be served "without the benefit of probation, parole or suspension of sentence". R.S. 14:95.1(B).
Additionally, we have reviewed the record to determine if the State has proven its case beyond a reasonable doubt.
The standard of review in this case is that enunciated in Jackson v. Virginia, namely whether any rational trier of fact, when viewing the evidence in the light most favorable to the prosecution, could have found that the State proved the essential elements of the crime beyond a reasonable doubt. 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). State v. Edwards, 400 So.2d 1370 (La., 1981).
In this case the accused was charged with being a convicted felon in possession of a firearm. R.S.14:95.1. In order to convict the accused of this offense three elements must be proven:
1) Status of the defendant as a convicted felon
2) Possession by the defendant
3) The instrumentality possessed was a firearm.
The Louisiana Supreme Court has held that "constructive" possession will satisfy the "possession" element of the offense. State v. Day, 410 So.2d 741 (La., 1982).
In this case the parties stipulated that Karl Gatlin was the same person who plead guilty to possession of methadone and possession of pentazocine on November 13, 1980 (Doc No. 278-904). A certified copy of the conviction, bill of information and docket master were admitted into evidence, without objection. The firearm which was retrieved from the scene of the crime, a black automatic pistol, was also introduced into evidence. The gun was identified as the firearm which was retrieved from the trunk of the defendant's vehicle. It was the same gun which belonged to the defendant, as he allegedly stated to the officers on the night of his arrest.
Therefore, the totality of the evidence when viewed in the light most favorable to the prosecution satisfies this Court that any rational trier of fact could have found that the State proved the essential elements of this crime beyond a reasonable doubt.
For the reasons assigned, the defendant's conviction is affirmed. The sentence is vacated and the case is remanded to the district court for resentencing in accordance with the directives expressed herein.
CONVICTION AFFIRMED.
SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.