470 So.2d 356 (1985)
STATE of Louisiana
v.
Harris M. WILLIAMS.
No. 84-KA-654.
Court of Appeal of Louisiana, Fifth Circuit.
May 13, 1985.
*357 John M. Mamoulides, Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty.Research and Appeals, Twenty-Fourth Judicial Dist., Gretna, for plaintiff-appellee.
Martha E. Sassone, Twenty-Fourth Judicial Dist., Indigent Defender Bd., Gretna, for defendant-appellant.
Before KLIEBERT, CURRAULT and GAUDIN, JJ.
CURRAULT, Judge.
On December 6, 1983, the Jefferson Parish District Attorney filed a bill of information charging the defendant with a violation of LSA-R.S. 14:95.1 in that he was a convicted felon and he intentionally possessed a weapon, to wit: a rifle. The defendant was arraigned on January 25, 1984; and, through retained counsel, pled not guilty to the charge.
Trial commenced on May 4, 1984, and a jury of twelve was impaneled. That same day, the jury returned a unanimous verdict of guilty as charged. The court ordered a pre-sentence investigation.
On June 27, 1984, the defendant was sentenced to the minimum possible term for a violation of LSA-R.S. 14:95.1; three years at hard labor without benefit of parole, probation or suspension of sentence and a One Thousand Dollar ($1,000) fine plus court costs.
It is from the above conviction and sentence that the defendant seeks relief on appeal.
On November 17, 1983, Deputy Emile G. Larson of the Jefferson Parish Sheriff's office was on routine patrol when he noticed two black males in the parking lot of Bernard Lumber Company. One subject had a shotgun and was chasing the other subject, later identified as the defendant, around the parking lot. The defendant ran to his car and retrieved a .22 caliber rifle from the trunk. Deputy Larson hollered at the subjects to drop their weapons, which they did, and had the subjects lie on the ground.
It was subsequently determined that the two subjects were employees of the lumber company and they were "horseplaying" by chasing each other around the lot with unloaded guns. However, it was learned that the defendant pled guilty to attempted *358 simple burglary in 1979 and was therefore a convicted felon. The defendant was charged with possession of a firearm by a convicted felon, pursuant to LSA-R.S. 14:95.1, and subsequently convicted.
On appeal, defendant presents the following assignments of error:
that (1) the trial court committed reversible error in overruling defense counsel's objection to the admission of certain evidence, namely, ammunition; that
(2) it was reversible error for the trial court to instruct the jury that attempt would be a responsive verdict to LSA-R.S. 14:95.1; and that
(3) it was reversible error for the triers of fact to find the defendant guilty of a violation of LSA-R.S. 14:95.1 when there was insufficient evidence to prove the essential elements of the offense.
Appellant's first assignment of error was neither briefed nor argued, thus the court considers this assignment of error abandoned. See Uniform RulesCourts of Appeal, Rule 2-12.4. See also State v. Smith, 452 So.2d 251 (La.App. 5th Cir.1984); State v. Becnel, 441 So.2d 339 (La.App. 5th Cir.1983).
In regard to appellant's second assignment of error, we note that LSA-C.Cr.P. Article 801 provides in pertinent part:
A party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error. The nature of the objection and grounds therefor shall be stated at the time of objection. The court shall give the party an opportunity to make the objection out of the presence of the jury.
State v. Henry, 449 So.2d 486 (La.1984); State v. Ruple, 437 So.2d 873 (La.App.2d Cir.1983).
There is no indication in the record of the instant case that defense counsel lodged an objection at the trial level regarding the content of the jury charges. Nevertheless, we point out that the jurisprudence has long recognized that attempted possession of a firearm by a convicted felon is a responsive verdict to a charge of possession under LSA-R.S. 14:95.1. See: State v. Ford, 407 So.2d 688 (La.1981); State v. Brown, 452 So.2d 326 (La.App. 4th Cir.1984); State v. Jackson, 452 So.2d 776 (La.App. 4th Cir.1984); State v. Jones, 450 So.2d 692 (La.App. 4th Cir.1984).[1]
Furthermore, LSA-C.Cr.P. Article 815 provides as follows:
In all cases not provided for in Article 814, the following verdicts are responsive: (1) Guilty; (2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or (3) Not guilty.
LSA-R.S. 14:27(C) makes an attempt a lesser included offense of the crime charged in the instant case. State v. Ford, supra; LSA-R.S. 14:27. Consequently, we find the assignment to be without merit.
On appellant's third assignment of error, it is alleged that the defendant was convicted on insufficient evidence. We likewise find no merit to this assignment of error.
In State v. Wright, 445 So.2d 1198 (La. 1984), the court adopted the following standard for testing the sufficiency of evidence on review of a criminal conviction:
The constitutional standard for testing the sufficiency of evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt. Where circumstantial evidence is used to prove the commission of the offense, La. *359 R.S. 15:438 mandates that: "Assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
This Court has recognized that R.S. 15:438 is not a purely separate test from the Jackson standard to be applied instead of a sufficiency of the evidence test whenever circumstantial evidence forms the basis for the conviction. State v. Austin, 399 So.2d 158 (La.1981). Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt.... Exclusion of every reasonable hypothesis of innocence is therefore a component of the more comprehensive reasonable doubt standard, where circumstantial evidence is used to convict.
Wright, supra, at 1201.
In the instant case, the defendant was found guilty of possession of a firearm in violation of LSA-R.S. 14:95.1, which provides that it is unlawful for a convicted felon to possess a firearm. Three elements must have been proven beyond a reasonable doubt if the defendant's conviction is to stand: (1) the defendant is a convicted felon; (2) possession by defendant; and (3) that the instrumentality possessed was a firearm. State v. Mose, 412 So.2d 584 (La. 1982); State v. Gatlin, 445 So.2d 47 (La. App. 4th Cir.1984).
As regards the first element, defense counsel stipulated that the defendant entered a plea of guilty to attempted simple burglary (a felony) in 1978 and the state produced a certified copy of the conviction via a plea. Thus the state proved beyond a reasonable doubt that the defendant was a convicted felon.
That the instrumentality seized in connection with the defendant's arrest was a firearm was never in question, for it was stipulated to by defense counsel that the .22 caliber rifle designated as state's exhibit # 2 was the same weapon recovered by Deputy Larson, the arresting officer, at the time of the defendant's arrest.
As proof that the defendant "possessed" the rifle, the state offered the testimony of Deputy Larson. Deputy Larson related that the defendant removed the rifle from the trunk of his car and began chasing Anthony Hansberry, his shotgun toting co-worker, around the parking lot. Deputy Larson at that time ordered the defendant and Hansberry to "freeze" and put down their weapons. Deputy Larson's testimony placed the rifle in the actual physical possession of the defendant.
Defense counsel, on the other hand, called Darren Smith, defendant's roommate, to the stand. Smith testified that the rifle was his, and that he had previously placed it in the defendant's trunk without the defendant's knowledge. Defendant's co-worker, Anthony Hansberry, testified that the defendant did not have a gun in his hand nor did he procure one from the trunk of his car at any time during the incident. Hansberry did state that the defendant at one point went behind his car "with the trunk open." Finally, the defendant took the stand and testified that he didn't know Smith had placed the rifle in the trunk of his car. He further stated that he did not pick up the rifle while "horseplaying" with Hansberry, nor did he chase Hansberry around the parking lot after removing the rifle from his trunk.
In reaching its decision in this case, the jury was faced with a credibility choice; should it believe the testimony of Deputy Larson or that of the defense witness. In returning a verdict of guilty as charged, the jury indicated that it rejected the defense testimony. It is not the function of a reviewing court on appeal of a criminal conviction to evaluate the credibility of witnesses and overturn a trial court on its factual determination of guilty. State v. Richardson, 425 So.2d 1228 (La. 1983); State v. Cockerham, 442 So.2d 1257 (La. App. 5th Cir.1983). It is the role of the fact finder to weigh the respective credibility of the witnesses, and an appellate court should not second guess the credibility determination *360 of the trier of fact beyond sufficiency evaluations under the Jackson standard of review. State Ex. Rel Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Jackson, 452 So.2d 1225 (La. App.2d Cir.1984). See also State v. Butler, 450 So.2d 764 (La.App. 5th Cir.1984), wherein the court stated:
When there is conflicting testimony, the credibility of witnesses is a matter within the sound discretion of the trier of facts, in this case the 12-person jury. Factual determinations will not be disturbed on review unless clearly contrary to the evidence. State v. Richardson, 425 So.2d 1228 (La.1983) and State v. Klar, 400 So.2d 610 (La.1981).
Butler, supra, at 766.
Viewing the evidence in the light most favorable to the prosecution, we find that the state proved beyond a reasonable doubt that the defendant possessed a firearm.
Having concluded that all three elements of the crime were proven beyond a reasonable doubt, we find defendant's third assignment of error also without merit.
For the foregoing reasons, after a review of the law and evidence, the defendant's conviction is hereby affirmed.
AFFIRMED.
NOTES
[1] See also: Louisiana Jury Instructions, Criminal/Civil, at page 165, wherein attempted possession is listed as a responsive verdict to a charge of violating LSA-R.S. 14:95.1.