BOWES, Judge.
Defendant-appellant, Isiah Crayton, was charged on December 6, 1983, by a bill of information with violating La.R.S. 14:27, 14:62.2 (attempted simple burglary of an inhabited dwelling) and La.R.S. 14:95.1 (carrying a concealed weapon by a convicted felon). The charges were severed for trial and, on February 16, 1984, the defendant was tried on the “weapons” charge. At that time, Crayton waived his right to a *299 trial by jury and the defense stipulated to the fact that he had pled guilty to attempted simple burglary in case number 80-2494 of the 24th Judicial District Court on May 8, 1981.
Following his trial before a district court judge, the defendant was found guilty of attempted carrying of a concealed weapon by a convicted felon and a pre-sentence investigation report was ordered. Subsequently, on March 19, 1984, the present burglary charge was dismissed and, on June 1, 1984, appellant was sentenced to serve eighteen months at hard labor without benefit of parole, probation or suspension of sentence.
The defendant now appeals arguing, only, that it was error for the trial judge to find him guilty of the lesser crime in that “attempted” cannot be a responsive verdict to the charge of carrying a concealed weapon by a convicted felon.
During the trial, Deputy J. Lawler of the Jefferson Parish Sheriffs office testified to the events of November 3, 1983, which led to the arrest of Isiah Crayton:
On that morning I received a call from the Jefferson Parish Sheriff’s Office, Headquarters of the Radio [sic], that a suspicious person was in the area of the 7200 block of Runnymede of the West Minster Subdivision. I proceeded to the area at that time. Upon arrival, I observed the defendant walking away from a residence located at 7209 Runnymede, proceeding to walk down the sidewalk. I stopped the defendant in an effort to question him and asked the defendant to walk towards me. At that time, the defendant was wearing a shirt — I can’t recall the color. It was a under-type shirt with a shirt over it. That over-shirt was unbuttoned, but closed toward the front. As the subject walked towards me, we were — I was in the street — as he walked towards me the wind blew and pulled the shirt back on the left side and also on the right side; I observed a shiny metal clip on the left side of his pants. This led me to believe that it was possible that a weapon was involved. I placed the subject against the car and pat searched him. At that time I found a — the clip to the part of a leather sheath; a holster for a knife with the knife concealed inside the sheath. The sheath was also concealed inside of his pants.
Deputy Lawler’s testimony was not refuted by the defense, but rather the defendant admitted having the knife in his possession, on his belt, and under a “green army shirt with cut-off sleeves.” Crayton claimed that the knife was not being carried as a weapon, but as a tool to be used on his job.
Defendant’s argument that attempted carrying of a concealed weapon by a convicted felon is not a responsive verdict to R.S. 14:95.1 was previously argued before the Louisiana Supreme Court in State v. Ford, 407 So.2d 688 (La.1981). In that case, the defendant was arrested and charged with violating R.S. 14:95.1 after officers seized a gun from his car. (The butt of the gun was seen protruding from between the driver’s seat and the console. The serial numbers on the gun had been obliterated). The jury returned a verdict to the lesser crime of attempted possession of a firearm by a convicted felon, R.S. 14:27, 14:95.1, and our Louisiana Supreme Court affirmed. In its affirmance, the Louisiana Supreme Court stated:
Finally, defendant assigns error in the jury’s returning a verdict of attempted unlawful possession of a firearm, argues that attempt cannot be a responsive verdict under the facts of the case. R.S. 14:27(C) makes an attempt a lesser included offense of the charged crime. Defendant’s argument appears to be with the legislature’s definition of an attempt, but we are not persuaded that his rights were somehow violated when the jury convicted him only on attempt when they could have convicted him of the crime itself. Perhaps they reasoned that his offense was committed when he was outside the car and not in physical possession of the firearm at the time. Re *300 gardless, we find no merit to this assignment.
State v. Ford, supra at 691.
The defendant in the case before us, like the defendant in Ford, supra, was charged with violating R.S. 14:95.1 (illegal carrying of a concealed weapon by a convicted felon), and he was convicted of the attempt only. Here the trial judge apparently believed the officer’s testimony (that the knife was positioned inside the defendant’s pants, rather than outside, as the defendant claims) and found that defendant Cray-ton actively desired to conceal his knife, and, perhaps, because he was only partially successful, the trial judge convicted him of the lesser crime of attempt.
We find that under these facts the trial judge properly convicted the defendant of attempted illegal possession of a concealed weapon by a convicted felon. See R.S. 14:27:95.1; State v. Ford, supra; State v. Fluker, 311 So.2d 863 (La.1975).
The defendant’s conviction, therefore, is affirmed.
However, in reviewing this record, we found that the trial judge misstated the sentencing range when sentencing the defendant to serve eighteen months at hard labor. The trial judge stated that the sentencing range for defendant’s crime was from IV2 to 3 years, rather than from 0 to 3 years, the correct sentencing range.
In sentencing the defendant, the trial judge stated:
Under the circumstances, the minimum sentence is 18 months at hard labor. I am going to order that you serve the 18 months at hard labor [...] I don’t have any choice. I cannot give you probation. It is a minimum. The law gives me no authority in this regard as I see it. I would not do it, in any event, if they did in this case. I would give the minimum. Considering your past situation and considering the conviction, and that is why I ordered the pre-sentence investigation so I could take a look at the past.
The Louisiana Supreme Court in addressing how a person convicted of an attempt to commit a crime should be punished stated:
... [A] person convicted of “attempt” shall be fined and imprisoned in “the same manner” as for the offense attempted; but such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both. In the case of “attempted armed robbery” the phrase “in the same manner” means that except for the term of imprisonment, which is specifically provided for, the other aspects of the fine or imprisonment shall be “in the same manner” as provided for armed robbery; that is, “at hard labor” and “without benefit of parole, probation or suspension of sentence.”
State v. Patterson, 259 La. 508, 250 So.2d 721, 723 (1971).
In State v. Jaye, 383 So.2d 1261 (La.1981), the defense counsel asked the Louisiana Supreme Court to consider this same sentencing error (i.e., misstatement of sentencing range) on writ of review. The defendant in Jaye had pled guilty to attempted armed robbery and had been sentenced to a term of two and one half (2½) years in prison. The record revealed that “... the Court in imposing the ... sentence did at that time consider the law to be that the minimum sentence was two and a half years at hard labor.” The Louisiana Supreme Court granted the writ, set aside the sentence, and remanded the case for resen-tencing with the following instructions: “... the trial judge to consider the correct sentencing range. There is no minimum sentence.” [emphasis ours]
We feel that the rationale in the Patterson and Jaye cases applies to the present case.
Accordingly, for the reasons stated above, we affirm the conviction of Isiah Crayton, but we set aside his sentence and remand the case for resentencing with the trial judge giving consideration to the correct sentencing range.
*301 AFFIRMED IN PART, SET ASIDE IN PART, AND REMANDED.