496 So.2d 1208 (1986)
STATE of Louisiana
v.
Raymond BROOKS.
No. 86-KA-156.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1986.
*1209 John H. Craft, Gretna, for appellant.
Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for appellee.
Before BOWES, GAUDIN and WICKER, JJ.
WICKER, Judge.
This appeal arises from a jury verdict convicting defendant, Raymond Brooks, of possession of a firearm by a convicted felon. (L.S.A.-R.S. 14:95.1). Brooks asserts that the evidence submitted to the jury was insufficient to justify the verdict and further requests that the court examine the record for patent error. We affirm.
The facts show that on the afternoon of August 6, 1985, Jefferson Parish deputies, Terry Gauthier, Jeffrey Eddy and Chris Pumila, responded to a complaint regarding a domestic disturbance involving a weapon at a residence in Jefferson Parish. After securing the area, Deputy Gauthier and Deputy Eddy entered the rear of the "shotgun" type house. Deputy Gauthier entered first, and Deputy Eddy remained behind Deputy Gauthier as "back-up". Because of the configuration of the house, Deputy Gauthier had an unobstructed view from the rear to the front room, but Deputy Eddy's view was obstructed by Deputy Gauthier. As Deputy Gauthier approached the front of the house, he observed Brooks standing in the front room holding a double barrelled shotgun. After moving closer, Deputy Gauthier told Brooks two or three times to put the gun down. Brooks, who was apparently intoxicated, finally complied with the order, placing the shotgun on the floor. Deputy Gauthier then handcuffed Brooks, placed him under arrest, and advised him of his rights.
In reviewing the sufficiency of the evidence to support a conviction, the appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). That standard mandates the appellate court to ascertain that the evidence, viewed in the light most favorable to the prosecution, is sufficient to convince a rational trier of fact that all the elements of the crime were proven beyond a reasonable doubt. The elements of possession of a firearm by a convicted felon are:
1) status of the defendant as a convicted felon,
2) an instrumentality defined as a firearm, and
3) physical and/or constructive possession of the firearm by the defendant.
State v. Mose, 412 So.2d 584 (La.1982), State v. Williams, 470 So.2d 356 (La.App. 5th Cir.1985), State v. Gatlin, 445 So.2d 47 (La.App. 4th Cir.1984), State v. Bell, 439 So.2d 1163 (La.App. 4th Cir.1983). But see State v. Husband, 437 So.2d 269 (La.1983).[1]
In the instant case, it was stipulated at trial that Brooks pleaded guilty to armed robbery on March 15, 1977, and that he received a sentence of ten years imprisonment at hard labor. Further, Deputy Gauthier described the weapon held by Mr. Brooks as a double-barrelled shotgun. The weapon was introduced and identified at the trial. Accordingly, the first two elements require no further proof.
In regard to the third element of possession, the only witness who observed the defendant in physical possession of the firearm was Deputy Gauthier. That evidence alone would be sufficient to prove the element of possession. However, Deputy *1210 Eddy observed the shotgun lying on the floor near Brooks's feet; and Brooks admitted that he previously had possession of the gun, although he stated that he had put it down in order to search for bullets and was not holding the gun when the police arrived. Thus, the evidence shows constructive possession of the firearm, as well as physical possession. Constructive possession also satisfies the element of possession. State v. Day, 410 So.2d 741 (La. 1982); State v. Mose, supra. Based on this evidence and viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have concluded beyond a reasonable doubt that Brooks was in possession of the firearm and that he had the requisite general criminal intent to commit the crime.[2] Accordingly, we find no merit to this assignment of error.
Finally, Brooks requests the court to review the record for error patent. L.S.A.-C. Cr.P. Art. 920 provides "[t]he following matters and no others shall be considered on appeal; (1) An error designated in the assignment of errors; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review, the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and its endorsement, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict and the judgment or sentence. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Lewis, 473 So.2d 357 (La.App. 5th Cir.1985).
A review of the record reflects that the sentence imposed by the trial judge is illegally lenient in two respects. The penal provision for L.S.A.-R.S. 14:95.1 states as follows:
Whoever is found guilty of violating the provision of this Section shall be imprisoned at hard labor for not less than three nor more than ten years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars. [emphasis added]
The trial judge sentenced Brooks to serve five years at hard labor without mention of the fact that the defendant was ineligible for parole, and he further failed to impose a mandatory fine. Thus, the sentence is illegally lenient.
In State v. Jackson, 452 So.2d 682, 683-684 (La.1984) the Louisiana Supreme Court held:
When a defendant alone appeals and the record contains a patent error unfavorable to the defendant, an appellate court should recognize and correct the error. However, when a defendant alone appeals and the record contains a patent error favorable to the defendant, the appellate court should ignore the error, unless the prosecution, having properly raised the issue in the trial court, has sought appellate review.
In response to the Jackson decision, the Legislature amended L.S.A.-C.Cr.P. art. 882 to read as follows:
A. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. [emphasis added]
B. A sentence may be reviewed as to its legality on the application of the defendant or of the state:
(1) In an appealable case by appeal; or
(2) In an unappealable case by writs of certiorari and prohibition.
C. Nothing in this Article shall be construed to deprive any defendant of his right, in a proper case, to the writ of habeas corpus.
Following State v. Jackson, supra, this court has declined to correct illegal sentences *1211 on appeal unless, pursuant to L.S.A.-C.Cr.P. art. 882, as amended, the state made application for review of the sentence either by motion or in argument. State v. Sepcich, 473 So.2d 380 (La.App. 5th Cir. 1985); State v. Salgado, 473 So.2d 84 (La. App. 5th Cir.1985); State v. Robertson, 459 So.2d 581 (La.App. 5th Cir.1984). The Supreme Court reiterated the holding of Jackson, supra, recently in State v. Fraser, 484 So.2d 122 (La.1986). In Fraser the court further discussed the impact of the 1984 amendment to L.S.A.-C.Cr.P. art. 882. In addition to stating that a sentence may only be reviewed as to its legality in the trial court by motion, or in an appellate court by an appeal or writs, the court held "there is no codal or statutory authority for an appellate court to search the record for patent sentencing errors to the detriment of the only party who sought review by the appellate court." AT 124.
In this case the State failed to raise the issue of the illegally lenient sentence, by motion or argument to this court. Thus, the error in Brooks's favor will not be corrected; and since our review fails to disclose patent error detrimental to Brooks, the sentence must be affirmed.
Accordingly, the defendant's conviction and sentence are hereby affirmed.
AFFIRMED.
NOTES
[1] In State v. Husband, supra, at 271, Justice Watson writing for the court set forth the elements of the offense as:

(1) possession of a firearm;
(2) conviction of an enumerated felony;
(3) absence of the ten year statutory period of limitation; and
(4) general intent to commit the offense
[2] "General Criminal intent is present ...when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act." L.S.A.-R.S. 14:10(2).