515 So.2d 819 (1987)
STATE of Louisiana
v.
Juan GONZALES.
No. 87-KA-313.
Court of Appeal of Louisiana, Fifth Circuit.
November 9, 1987.
*820 John M. Mamoulides, Dist. Atty., Dorothy Pendergast, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Ralph L. Barnett, Gretna, for defendant-appellant.
Before GAUDIN, DUFRESNE and WICKER, JJ.
DUFRESNE, Judge.
The defendant, Juan Gonzales, was charged by bill of information along with two co-defendants with several counts of violations of R.S. 40:967. He pled not guilty and later withdrew his plea of not guilty and pled guilty to possession of more than twenty-eight grams of cocaine in violation of R.S. 40:967. The other charges were dismissed.
After being properly "Boykinized" his guilty plea was accepted by the court and he was sentenced to seven years at hard labor. Gonzales now appeals and urges that his sentence was excessive.
The sentencing provisions of R.S. 40:967 provide in pertinent part:
F. (1) Except as otherwise authorized in this Part, any person who knowingly or intentionally possesses twenty-eight grams or more, but less than two hundred grams of cocaine or related substances as provided in Schedule II (A)(4) of R.S. 40:964, shall be sentenced to serve a term of imprisonment at hard labor of not less than five years, nor more than thirty years, and to pay a fine of not less than fifty thousand dollars.
G. (1) Except as provided in Paragraph (2) hereof, with respect to any person to whom the provisions of Subsections E and/or F are applicable, the adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall such person be eligible for probation or parole prior to serving the minimum sentences provided by Subsections E and/or F.
After the defendant's criminal conduct occurred, that portion of the statute which provides for a fine of not less than fifty thousand was declared unconstitutional by State v. LeCompte, 406 So.2d 1300 (La. 1981) appeal after remand 441 So.2d 249 (La.App. 4th Cir.1983) writ denied 446 So. 2d 314 (La.1984). Therefore, at the time of the commission of the defendant's crime a fine could not be constitutionally imposed as a part of sentence. The statute was subsequently amended.
The standard applicable to the review of a sentence for excessiveness was set forth in State v. Gordon, 504 So.2d 1135 (La. App. 5th Cir.1987):
Article I, Section 20 of the Louisiana Constitution of 1974 prohibits "cruel, excessive or unusual punishment." A sentence is excessive if "grossly out of proportion to the severity of the crime" or "nothing more than the purposeless and needless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. den. Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). See also State v. Gaudin, 493 So.2d 234 (La.App. 5th Cir. 1986), writ granted in part & remanded for consideration of sentence 498 So.2d 749 (La.1986) [sentence affirmed 508 So. 2d 594 (La.App. 5th Cir.1987)].
Absent a penalty which is so disproportionate as to shock our sense of justice, a trial court is given great discretion in imposing sentence within statutory limits and the sentence should not be set aside absent a manifest abuse of that discretion. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Barnes, 491 So.2d 42 (La.App. 5th Cir.1986).
L.S.A.-C.Cr.Proc. Article 894.1 sets forth guidelines for the trial court to consider in imposing sentence. In its reasons for sentence the trial court need not articulate each aggravating and mitigating factor; the record need only reflect that the trial court considered the guidelines of L.S.A.-C.Cr.Proc. Article 894.1 in particularizing the sentence to the defendant. *821 State v. Accardo, 466 So.2d 549 (La.App. 5th Cir.1985), writ denied, 468 So.2d 1204 (La.1985).
As reflected by the record, the trial court ordered a pre-sentence investigation report prior to the imposition of sentence. At the sentencing hearing, the defendant's counsel argued at great length for the minimum sentence, reciting mitigating factors as found in the report, including that there were numerous letters outlining the good conduct of the defendant, that the defendant had become an American citizen, that the defendant has no prior criminal record, that the defendant was an abuser of cocaine, that the defendant's co-defendants had given evidence to the District Attorney's office, that the defendant had attempted to cooperate by giving information to the DA's office, however the information had already been obtained from the co-defendants and that the defendant had dependents including a sick mother, a wife and a daughter.
After listening to the defendant's counsel, the court imposed sentence, stating:
All right, I have considered all of these letters and the records that were sent to me and I concede that some of what you say is truethat the other defendants in this case did turn in favor of the state against the defendant and that they were used to bolster the state's case against him and they were given lesser charges and sentences.
I frankly don't put much faith in the claim that Mr. Gonzales was a freedom fighter when it is advantageous to be labeled as such. The problem I have here in the minimum sentence of five years is that the crime of cocaine is now a national epidemic and a threat to the United States of America and I am convinced that if strong actions are not taken by the government, survival of this land is in jeopardy.
The minimum sentence is five years and he should be receiving more than five years. He has been practicing in drugs and this statement is not supported by any evidence as Captain Soto reflects that Gonzales has been making regular trips to the New Orleans area to sell cocainethat he was traveling and trafficking on a regular basis and that is the major point and I am imposing a seven year sentence at hard labor and he is formally ordered to serve seven years at hard labor within the State Correctional System.
From the record, the trial judge carefully considered the mitigating factors set forth in the PSI as well as aggravating factors in imposing sentence.
The defendant's sentence of seven years is not severe and is in the lower end of the sentencing range. Furthermore, no probition against probation, parole or suspension of sentence was imposed by the trial judge as required by the statute. Thus, rather than being excessive, it is illegally lenient. However, the state has failed to raise the issue of the illegally lenient sentence by motion or argument to this court and in accordance with State v. Brooks, 496 So.2d 1208 (La.App. 5th Cir. 1986), when the error is in the defendant's favor it cannot be corrected by us.
Accordingly, we do not find the sentence to be excessive, but lenient.
This assignment has no merit at all.
We have reviewed the record for any other errors patent and find none.
Accordingly, the defendant's conviction and sentence are hereby affirmed.
AFFIRMED.