GAUDIN, Judge.
Enroll Muse and three other defendants convicted in the Second Parish Court of Jefferson Parish of three misdemeanor offenses have appealed to this Court. Joining Muse as appellants are Kenneth Muse, Russell Muse and Terry Whitley.
They were convicted of violating LSA-R.S. 14:56, simple criminal damage to property; . LSA-R.S. 14:34.2, battery of a police officer; and LSA-R.S. 14:108, resisting an officer. Each defendant was sentenced to 90 days in parish prison, 75 days being suspended, and each was placed on inactive probation for six months. A fine of $300.00 was also imposed.
We affirm the convictions of all appellants for each charged offense. All sentences are amended to give credit for time served. The sentences imposed for violations of R.S. 14:34.2 are reduced in accord with statutory limitations. It was the apparent intent of the trial judge to impose only a 15-day parish prison sentence. R.S. 14:34.2 does not permit suspension of a jail sentence; therefore, the longer sentences for these violations — six months — are set aside. The sentences for R.S. 14:34.2 violations are hereby set at 15 days in parish prison plus a $300.00 fine.
The state’s primary witness was Gretna police officer John Neal, who testified that on March 17, 1986 he was in uniform working a paid detail at Glenn’s Lounge in Gret-na, Louisiana when he saw Russell Muse arguing with a female in the parking lot. The officer asked both to leave.
Later that evening, Neal observed Russell Muse inside the lounge and asked him to step outside. Neal testified that once outside Russell Muse “... pushed me in the chest and I fell against a vehicle.” Neal then escorted Russell Muse to the police car, telling him he was under arrest for battery on a police officer.
Neal said further:
“At which time, I attempted to remove my handcuff case in back of my belt. I don’t know who it was, but somebody grabbed my arm and pulled it in an upward motion causing some pain. At which time, I broke loose from both subjects and turned around and the subject, Russell Muse, began biting me in the left side of the face. It feels like, uh. At that time, I was attacked by the five defendants. They got four on the docket, but actually there was five ...
“After freeing myself from them, I advised the Gretna Police Department on the portable radio that officer needs assistance. The subjects Russell Muse and Kenneth Muse then ran behind the lounge ... At which time, myself and a witness, Augustus Blanco, gave foot chase and we located these subjects ... I again attempted to arrest the two subjects. At which time, they began fighting again. Myself and the witness, Augustus Blanco, became involved in a physical confrontation with the subjects. That’s when the supporting units from the Gretna Police Department arrived and assisted in arrest.”
The other two defendants — Erroll Muse and Whitley — were arrested, along with another subject, by another Gretna police officer at the lounge. Neal returned to the lounge and positively identified the men being detained as three of the persons who had attacked him just after he had arrested Russell Muse.
On appeal, the four defendants assigned seven trial court errors:
(1) the verdicts are contrary to law in that the prosecution failed to prove the identification of each defendant,
(2) the verdicts are contrary to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979),
(3) the offense of battery on a police officer is contrary to law as there was no proof that Neal was acting as a police officer,
(4) the trial judge erred in not considering the defense of justification,
(5) the trial judge erred by finding the defendants collectively guilty of simple criminal damage to property,
(6) the trial judge did not follow LSA-C. Cr.P. art. 894.1 guidelines, and
(7) the sentences were excessive.
*23 ASSIGNMENTS 1, 2, 3, 4 AND 5
Credibility is basically at issue in these assignments of error. In assessing the sufficiency of evidence, the due process standard as stated in Jackson v. Virginia, supra, requires that the reviewing court determine whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See also State v. Rosiere, 488 So.2d 965 (La.1986) and State v. Williams, 470 So.2d 356 (La.App. 5th Cir.1985). This standard has been codified in Louisiana by LSA-C.Cr.P. art. 821.
Here, if the trial judge found reasonable and believable the testimony of Neal and Blanco and the other prosecution witnesses, Everett Jones, an eyewitness to the scuffle at the lounge, the state proved its case and the four defendants were properly identified.
Russell Muse testified that he was never involved in an argument with a girl at the lounge, that Neal pulled him from the lounge without reason or cause, that Neal used profane language and that the officer struck him several times “... with the light or whatever it was.”
This testimony, and the testimony of the other defense witnesses, was in sharp conflict with the prosecution’s witnesses. It is neither this Court’s function nor our inclination to substitute our credibility findings for those of the trial judge. See State v. Green, 469 So.2d 1161 (La.App. 5th Cir.1985) and many other cases with similar holdings.
On the night in question, Neal was clothed in his official police uniform and attempting to keep peace and order in and around the lounge. The fact that he was receiving extra pay from the lounge owner is of no consequence.
After being shoved by Russell Muse, Neal had the right to place him under arrest. Only if Russell Muse’s arrest was unlawful would he and the other defendants arguably have had the right to resist. This would not, however, have given appellants the legal authorization to physically attack the police officer and break his eyeglasses.
While Neal could not say for certain which appellant broke his eyeglasses, all defendants were engaged in the assault and all were principals. Clearly the elements of R.S. 14:56 and R.S. 14:34.2 were proven beyond a reasonable doubt if the state witnesses were found more credible than the defense witnesses.
Resisting an officer, R.S. 14:108, is described as follows:
“Resisting an officer is the intentional opposition or resistance to or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest ... when the offender knows or has reason to know that the person arresting ... is acting in his official capacity.”
Had Neal not been in his police uniform, the four defendants who violently came to Russell Muse’s assistance may have shown some justification. The trial judge, however, said this:
“Whenever a person decides to take it upon himself to intercede and to take the law into his own hands by obstructing justice in a sense that they restrain a policeman from executing his duties, he must be aware of the consequences and must suffer the consequences. Accordingly, testimony was received that two witnesses from the State clearly saw the officer battered. Therefore, I find them all guilty. As far as resisting arrest, I find them all guilty because each one of them fled. As far as this simple criminal damage to property, it was clearly shown that as a result of this altercation the officer suffered broken eyeglasses and damaged uniform and equipment. Accordingly, I find that whenever someone goes in on a community mission, such as these gentlemen entered into, they are all principals in crime and must suffer the consequences. Therefore, I find them guilty as charged on all counts.”
The first five assignments of error, related to credibility of the witnesses, are without substance.
ASSIGNMENTS 6 AND 7
The record indicates that the trial judge did not fully and articulately comply *24 with Code of Criminal Procedure art. 894.1, however, a remand for a more formal compliance is not necessary if the sentence or sentences are not apparently severe and the record otherwise supports the sentencing choice or choices. See State v. Rivers, 470 So.2d 351 (La.App. 5th Cir.1985). Each defendant here could have been imprisoned for 18 months and fined $1,500.00. The state calls the sentences actually imposed lenient.
The penalty for violation of R.S. 14:56, when the damage is less than $500.00, is imprisonment of not more than six months and a fine not to exceed $500.00, or both. The penalty for violation of R.S. 14:108 is the same. As the sentences imposed for these offenses are well within the allowable maximum and because the sentencing judge is given wide discretion, manifest error is not present. Absent a clear abuse of broad discretion, sentences are not set aside as being excessive. See State v. Lanclos, 419 So.2d 475 (La.1982), and State v. Vinson, 482 So.2d 48 (La.App. 5th Cir.1986).
The penalty for R.S. 14:34.2 is imprisonment for not less than 15 days nor more than six months without benefit of suspension of sentence and a fine of not more than $500.00. The sentences imposed for violation of R.S. 14:34.2 are not in line with the statute. As previously stated, we amend the sentences to read 15 days in parish prison and a fine of $300.00.
All sentences are amended to give each appellant credit for time served prior to conviction. Also, each defendant is required to pay only $300.00 in fines, which appears to. have been the intent of the trial judge. It was also the intent of the trial judge to have each 15-day jail sentence served concurrent with the other. The sentences are amended to so read.
With these corrections, the convictions and sentences are affirmed.