GOTHARD, Judge.
Defendant, Tammy Lagarde was charged, by bill of information, with three counts of distribution of cocaine in violation of LSA-R.S. 40:967 and one count of attempted armed robbery in violation of LSA-R.S. 14:27, 64. She was arraigned on *784 May 29, 1990 and pled not guilty. On August 27, 1990 the defendant withdrew her former plea and tendered a plea of guilty to all four counts of the indictment and after waiving all delays was sentenced to a term of five years at hard labor on each count, with credit given for time served. The sentences were rendered pursuant to a plea bargain and were made to run concurrently.
On October 18, 1990 defendant filed a pro se application for post conviction relief asserting that her trial counsel was ineffective in failing to perfect a timely appeal and requesting an out-of-time appeal be granted. The trial court granted the out-of-time appeal motion and ordered that an attorney be appointed to represent defendant on appeal.
Defendant’s appointed counsel has filed a brief in which he asserts that, because a close examination of the record revealed an absence of appealable issues, he is requesting a review for errors patent on the face of the record.
For the purpose of an error patent review the “record” in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990).
We have reviewed the record in its entirety and have gleaned the fact that the defendant was charged as a result of an undercover operation conducted by police officers. According to the note of evidence offered at trial by the state, the defendant was involved in three separate “hand to hand” sales of cocaine to undercover agents at various locations on the west-bank of Jefferson Parish. In addition, the defendant and two other individuals were involved in an attempted knife attack on an undercover agent after a drug sale to retrieve money and drugs from the agent.
The defendant admitted guilt in the three counts of distribution of cocaine and pled guilty to the attempted armed robbery charge under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
The record reveals that the defendant was properly informed of his rights and an effective waiver of those rights was obtained before the guilty plea was accepted by the court in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
Our review of the record reveals that while the minute entry and commitment indicate the defendant was given credit for time served, the transcript does not so reflect. Generally, where there are discrepancies between the minute entry and transcript the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983); State v. Lockett, 542 So.2d 670 (La.App. 5th Cir. 1989). However, LSA-C.Cr.P. art. 880 mandates that the court, when it imposes sentence shall give a defendant credit for time served. Since art. 880 is mandatory in its language, the defendant must be given credit for time served, despite the fact that it is not specifically stated in the transcript.
[3] Also on review we note that the defendant was given an illegally lenient sentence insofar as the trial judge failed to impose defendant’s sentence for attempted armed robbery without benefit of parole, probation or suspension of sentence. The armed robbery article of the criminal code provides that any person who commits the crime of armed robbery “shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.” LSA-R.S. 14:64. The attempt article subjects persons to punishment “in the same manner as for the offense attempted.” LSA-R.S. 14:27D(3). Therefore, a sentence of imprisonment for attempted armed robbery must be served without benefit of parole, probation or suspension of sentence. State ex *785 rel. Sullivan v. Maggio, 432 So.2d 854 (La. 1983).
In State v. Fraser, 484 So.2d 122 (La. 1986), the Louisiana Supreme Court noted that an appellate court may not amend or set aside an illegally lenient sentence on its own motion, when defendant alone has appealed and the prosecutor has not sought review of the sentence. See also State v. Brooks, 496 So.2d 1208 (La.App. 5th Cir. 1986) and State v. Gonzales, 515 So.2d 819 (La.App. 5th Cir.1987). In this case, the State failed to raise the issue of the illegally lenient sentence by motion or argument to this Court. Therefore, any sentencing error in defendant’s favor should not be corrected by the court.
For the foregoing reasons the defendant’s conviction and sentence is affirmed.
AFFIRMED.