BYRNES, Judge.
The defendant, Isaac Jones, Jr., was charged by bill of information with attempted possession of a firearm by a convicted felon, a violation of LA-R.S. 14:95.1. On July 7, 1983 Jones stood trial and was convicted by a twelve person jury, after which he was sentenced to four years at hard labor. This appeal followed.
FACTS
On January 26, 1983 Officers Hebert and Harrington of the New Orleans Police Department were on routine patrol in the 2100 block of Whitney Avenue in New Orleans. At approximately 2:45 A.M. they observed three men loitering in front of a window of a residence located at 2140 Whitney. They also noticed a car double parked in the middle of the street with its lights off. When the three men saw the police car they began to walk away.
The patrolmen got out of their car to investigate because this was a high crime neighborhood and several burglaries had occurred in the area recently. They asked the men for identification and whether they *694 knew anything about the car. The officers testified that the only explanation given by the men for their presence was that they were “conducting business”. Jones said that the car was his and voluntarily offered to show the officer the registration papers.
Officer Hebert went with Jones to the car to retrieve the registration. When Jones began walking briskly ahead of Hebert in an apparent effort to reach the car first, Hebert pushed Jones aside. When Hebert reached the car and opened the door he saw the butt of a .38 caliber revolver protruding from under the front seat. The defendant produced the vehicle registration showing that it was his car, however, the firearm was not registered.
At trial the defendant stipulated to a prior conviction for simple robbery in 1977. He also testified that he and some friends were talking to someone in the window at 2140 Whitney when the police arrived, called them to the double-parked car, and frisked them. The defendant stated that when he went to get his registration, one of the officers pulled him back and searched the car with a flashlight and discovered the gun. The defendant also testified that he knew nothing about the gun.
ERRORS PATENT
LA.R.S. 14:95.1(B) states:
Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than three nor more than ten years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.
A review of the record for errors patent reveals that contrary to the mandatory provisions of R.S. 14:95.1(B) no fine was imposed, nor was it specified that the sentence was to be served without benefit of probation, parole or suspension of sentence.
It is clear that the sentence in the instant case is unlawfully lenient. See: State v. Telsee, 425 So.2d 1251 (La.1983) and State v. Lodge, 447 So.2d 88 (La.App. 4th Cir.1984). However, because no fine was imposed the case will be remanded for resentencing. See State v. Gatlin, 445 So.2d 47 (La.App. 4th Cir.1984). Accordingly, the trial court should also amend the sentence to reflect the requirements of 14:95.1(B).
MOTION TO SUPPRESS
For defendant’s sole assignment of error he contends that the trial court erred in denying his motion to suppress evidence. Appellant argues that the evidence introduced at trial was seized pursuant to an illegal stop.
It is well settled that while reasonable cause for an investigatory stop is somewhat less than probable cause for an arrest, it is still required that the officer have sufficient knowledge of facts and circumstances to justify making the stop. C.CR.P. Art. 215.1; State v. Andrishok, 434 So.2d 389 (La.1983). It has been held that an investigatory stop and frisk is lawful where a suspect is observed acting suspiciously or nervous, particularly after spotting the police, in a high crime area. See State v. Williams, 416 So.2d 91 (La.1982) and State v. Wade, 390 So.2d 1309 (La.1980).
In the instant case the defendant was observed at approximately 2:45 A.M. in a high crime neighborhood, where several burglaries had recently been reported, loitering in front of a residence. Further, when he and the other men saw the police car they began walking briskly away from the scene. Finally, when they were asked to explain their presence they could not provide the officers with a reasonable explanation of their actions.
Once the stop was made the defendant voluntarily offered to produce the automobile registration. Just before reaching the passenger door, Jones stepped up his walk almost into a half run. Officer Hebert pushed ahead of him and opened the passenger door. At that time, Hebert, observed a handgun laying on the lower floor *695 board of the vehicle, the handle was clearly visible.
Accordingly, he had reasonable cause to make the investigatory stop. Further, because part of the gun was in “plain-view” its seizure was not illegal under the circumstances. State v. Landry, 414 So.2d 674 (La.1982) and State v. Evans, 441 So.2d 82 (La.App. 2d Cir.1983).
For the foregoing reasons the verdict of the trial court is affirmed. However, the case is remanded for resentencing in accordance with R.S. 14:95.1(B).
AFFIRMED IN PART & REMANDED.
SCHOTT, J., concurs with reasons.