WILLIAMS, Judge.
Defendant Lafayette Ketton appeals his conviction of aggravated kidnapping (La.R.S. 14:44); aggravated rape (La.R.S. 14:42) and aggravated crime against nature (La.R.S. 14:89.1). He was sentenced to two consecutive life sentences at hard labor without benefit of parole, probation or suspension of sentence, and fifteen years at hard labor without benefit of parole, probation or suspension of sentence, also to run consecutively.
A jury found that defendant Ketton was guilty of aggravated kidnapping, aggravated rape and aggravated crime against nature. The victim was a fourteen year old girl. Defendant, threatening her with a knife, forced her into a car. As he drove away, he forced the victim to perform oral sex on him, then later stopped the car and attempted to have intercourse with her. He forced the victim to perform oral sex again and attempted penetration two or three more times. He then released her a short distance from the area from which she had been abducted. The victim was able to obtain assistance from two women. Medical evidence presented at trial indicated that the victim had suffered lacerations consistent with penetration. Furthermore, internal swabs taken during the medical examination were negative for seminal fluid, although external swabs were positive.
A couple in a car, who lived in the area, noticed the defendant forcing the victim into his car. The husband recited the license plate number to his wife, who wrote it down. He then called the police. About one half hour later, the victim was taken back to the area by the two women who had helped her when the defendant had released her. The husband saw her, and the victim and her mother went into the witnesses’ house to call the police. Both the victim, and the couple who witnessed the kidnapping positively identified the defendant in photographic lineups.
The license plate number of the car observed by the witnesses, was traced to Marshal Marlborough, defendant’s father-in-law. At the initial report of the witnesses, police officers went to the Marlborough residence but did not see the car. Later that day, after the report from the victim herself, officers returned to the residence and found the car. The car was then impounded and seized as evidence. The victim also identified the car as the one in which she had been abducted.
ASSIGNMENT OF ERROR NO. 1
By this first assignment of error, defendant argues that the trial court was in error in denying a motion to suppress evidence seized during the warrantless search of his father-in-law’s vehicle.
At trial, the state introduced photographs of a bedsheet and a key chain which were identified by the victim as having been in the car in which the crimes took place. The defense argued that the war-rantless search of Marlborough’s car took place without his consent, and therefore was unconstitutional.
Consent is an exception to the warrant requirement. 410 So.2d 1381 (La.1982). In order to introduce evidence seized as a result of a warrantless search on the ground that consent to search was given, the state has the burden of proving that that consent was free and voluntary. State v. Ossey, 446 So.2d 280 (La.1984); State v. Edwards, 434 So.2d 395 (La.1983).
At the motion to suppress the evidence, the defendant’s father-in-law testified that he did not give the police officers permission to search the car. The officers testified, however, that he had given them specific authorization to enter the vehicle (Tr. at Motion to Suppress, pp. 42-43). Furthermore, the officers stated that Marlborough himself opened the doors to the car.
*709 Whether consent was given to a search is a fact question, and the trial court is given great discretion in determining whether such consent was given. State v. Wilson, 467 So.2d 503 (La.1985); State v. Edwards, supra (La.1982). For these reasons, we find that the trial court did not err in determining that Marlborough did give permission for the search of his car.
Furthermore, we also find that even assuming the evidence to have been seized unconstitutionally, that the ruling would not require reversal. State v. Gibson, 391 So.2d 421 (La.1980). The evidence presented in this case, including the testimony of eye witnesses and the victim herself, are so substantial that the identification of a bedsheet and a key chain could not have contributed to the conviction beyond a reasonable doubt.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant urges that the trial court erred in refusing to grant his motion for a mistrial on the ground that the selection of the jury was racially biased. Defendant argues that the trial court’s refusal to issue writs of attachment for jurors who failed to show up for jury duty, to select the jury in open court, and the use of peremptory challenges by the state to exclude blacks from the jury all deprived him of his constitutional right to an impartial jury.
There is no requirement that a trial judge issue writs of attachment for absent jurors upon the defense’s request. Furthermore, we fail to understand why the trial court’s refusal to do so could prejudice the defendant in any way.
Article 784 of the Louisiana Code of Criminal Procedure exempts Orleans Parish from the requirement that a petit jury panel must be selected in open court. See also State v. Williams, 383 So.2d 996 (La.1979).
Finally, the defendant argues that the prosecutor used his peremptory challenges in such a way he was denied a fair trial. Specifically, the defense points out that the jury was composed of mainly white females, in a number disproportionate to the racial and sexual mix of the community. The United States Supreme Court has held that a defendant must show a systematic exclusion of blacks over a period of time in order to prove that he has not been denied equal protection by the prosecution’s use of peremptory challenges. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). A defendant has the burden of proving that the state has failed to comply with the statutory procedure for selection of the venire or a systematic exclusion of a specific class of individuals. State v. Hayes, 414 So.2d 717 (La.1982); State v. Taylor, 347 So.2d 172 (La.1977). The defense has presented no compelling evidence to show that the prosecutor was responsible for excluding blacks from the jury panel. See State v. Smith, 430 So.2d 31 (La.1983).
This assignment of error is without merit.
For the foregoing reasons, defendant’s conviction and sentences are upheld.