480 So.2d 412 (1985)
STATE of Louisiana
v.
Ervin D. GARRETT.
No. KA-3018.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1985.
Writ Granted March 21, 1986.
*413 M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Maria M. Lazarte, Asst. Dist. Atty., New Orleans, for appellee.
Before BARRY, CIACCIO and BYRNES, JJ.
BYRNES, Judge.
Defendant, Ervin Garrett was convicted of possession of pentazocine, a violation of La.R.S. 40:967(C), and sentenced as an habitual offender to three years at hard labor. He appeals his conviction to this court. We affirm.
On the afternoon of April 21, 1982, officers Walter Gifford and Claude Flot of the New Orleans Police Department were traveling in an unmarked car in the 800 block of N. Claiborne Avenue when they observed the defendant hand an object in his clenched fist to another man. The second man then handed defendant some money. The officers, knowing that drug trafficking frequently occurred in this area, stopped the car and approached the two men.
When the officers identified themselves, the defendant became uncooperative and walked up to officer Gifford in such a way that the visor of defendant's baseball cap struck the officer in the face and obstructed his vision. Officer Gifford then ordered the defendant to put his hands on the police car and arrested him. The reason for this arrest appears to be defendant's assault of the officer. Defendant began fighting with the officer when he was informed of his arrest. After subduing the defendant, Officer Gifford searched him and discovered a tinfoil packet containing five blue pills, four pink pills and a pocket knife. The pink pills were later identified as pentazocine.
The defendant testified at trial that he was getting off a bus when the second man asked him for a light. He further testified that as the two were separating, the officers ordered him to "freeze". He claimed the drugs belonged to the other man. On appeal, defendant assigns as error the trial court's denial of his motion to suppress, which asserted that the officers lacked probable cause to arrest or detain him, and that the search which produced the drugs was therefore illegal.
Under C.Cr.P. Art. 215.1(A):

*414 A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
What constitutes a reasonable suspicion under this article is a case by case determination, based on an assessment of whether the officer had sufficient knowledge of facts and circumstances to justify a reasonable belief that an individual is involved in past present or imminent criminal activity. State v. Sims, 426 So.2d 148 (La.1983). In this case, the officers knew that the area they were patrolling was one in which drug transactions frequently occurred. They also knew from past experience that the actions of the two men, exchanging a concealed object for money, was consistent with a drug transaction.
This, in our opinion was sufficient to justify an investigatory stop by the officers. State v. Jones, 450 So.2d 692 (La. App. 4th Cir.1984), writ granted in part, reversed in part, 456 So.2d 162 (La. 1984), State v. Wade, 390 So.2d 1309 (La. 1980), cert. denied 451 U.S. 989, 101 S.Ct. 2326, 68 L.Ed.2d 848 (1981), State v. Cook, 332 So.2d 760 (La.1976). Defendant's assault of the officer justified his arrest and the subsequent search which produced the drugs. State v. Keller, 403 So.2d 693 (La. 1981). Under these circumstances, the motion to suppress was properly denied.
Defendant also assigns as error the trial judge's imposition of $74.00 in court costs or an additional 30 days imprisonment on the grounds that he is an indigent. An indigent defendant cannot be given a greater sentence than the maximum period fixed by law for his offense due to his inability to pay court costs or a fine, State v. Williams, 288 So.2d 319 (La.1974). However, the defendant in this case was sentenced to three years, considerably less than the statutory maximum of ten years. Thus, the imposition of an additional thirty days imprisonment for failure to pay court costs was legal. This assignment lacks merit.
We have also reviewed the record of defendant's conviction for errors patent and have found none.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
BARRY, J., concurs.
BARRY, Judge, concurring:
The defendant had retained counsel for trial and there is no showing he is indigent. Use of appointed counsel during appeal does not automatically establish pauper status.
Under these facts an additional thirty days imprisonment for failure to pay $74 in court costs is appropriate.