491 So.2d 756 (1986)
STATE of Louisiana
v.
Isaac BOHANNA.
No. KA 85 1369.
Court of Appeal of Louisiana, First Circuit.
June 24, 1986.
John J. Williams, Jr., Dist. Attorney's Office, Covington, William Campbell, Jr., New Orleans, for appellee.
John R. Simmons and Frank Sloan, Office of Indigent Defender, Covington, for appellant.
Before CARTER, SAVOIE and ALFORD, JJ.
ALFORD, Judge.
After being charged by bill of information, Isaac Bohanna was convicted by a jury of one count of distribution of marijuana, *757 in violation of LSA-R.S. 40:966, and one count of distribution of cocaine, in violation of LSA-R.S. 40:967. He was sentenced to five years at hard labor on each of the counts, with the terms to be served concurrently. He was also fined $3,000.00 on each count, with an additional sentence of twelve months at hard labor in the event he defaulted on payment of the fines. The twelve-month additional sentence is to be served consecutively to the five-year term. On appeal, defendant urged four assignments of error, but only briefed two: excessive sentence and illegal sentence. Assignments of error not briefed on appeal are considered abandoned. Uniform Rules-Courts of Appeal, Rule 2-12.4.

FACTS
Defendant was arrested as part of an undercover narcotics operation, "Operation Domino," conducted in St. Tammany Parish over a several month period. Detective Randy Caire operated as an undercover agent whose purpose was to purchase illegal narcotics whenever available. On January 21, 1984, Caire bought two small packages of cocaine for $30.00 each and one coin envelope of marijuana for $15.00 from the defendant. Before this transaction, defendant indicated to Caire that he had recently distributed a quantity of narcotics and the packages he sold to Caire were the remainder of his stock. The defendant indicated, however, that he would be able to supply larger amounts in the future. Caire did not make further purchases from defendant and was not present at his arrest some time later. Caire testified at trial, relating his dealings with defendant and positively identifying him as the person from whom Caire purchased the narcotics.

EXCESSIVE SENTENCE
Defendant argues that the sentence imposed is excessive and that the trial court failed to consider mitigating circumstances applicable to him. Specifically, defendant urges that the court did not consider (1) his status as a first felony offender, (2) the fact that he has three dependent children, and (3) that only small quantities of contraband were involved.
The maximum sentence for which defendant could have been incarcerated for the distribution of marijuana is ten years with a fine of not more than $15,000.00. See LSA-R.S. 40:966B(2). The maximum sentence for which defendant could have been incarcerated for the distribution of cocaine is thirty years, with not less than five years at hard labor, as well as a fine of not more than $15,000.00. See LSA-R.S. 40:967B(1). Defendant thus received the minimum possible term of imprisonment.
The sentencing transcript shows that the trial judge carefully considered the guidelines of La.C.Cr.P. art. 894.1 in arriving at a sentence. The court specifically noted that, although defendant had a poor work history, he had not been previously convicted of a felony. The court erroneously stated that defendant had no dependents but was advised, before sentencing, that defendant did have three children who were dependent upon him for support. The judge then noted that defendant's chosen method for supporting these children did not reflect kindly upon his role as supporter.
Rather than the minimum permissible sentence, defendant argues he should have received a probated term. In light of defendant's indications to Caire of his previous dealings and his ready offering to provide larger amounts of narcotics in the future, we find the trial court did not abuse its discretion in finding defendant was not entitled to a probated term. The imposition by the court of the minimum permissible sentence of incarceration adequately demonstrates the court's consideration of the applicable mitigating factors.
Having given attention to the factors of La.C.Cr.P. art. 894.1, the trial judge is entitled to broad discretion in sentencing. State v. Langford, 483 So.2d 979 (La.1986). We find no abuse of discretion in the imposition of defendant's term of imprisonment.

*758 ILLEGAL SENTENCE
Defendant also argues the imposition of the fine of $6000.00, denied defendant his constitutional right to freedom because of his indigency and thus is a denial of the equal protection afforded by the Fourteenth Amendment of the United States Constitution.
La.C.Cr.P. art. 884 expressly provides for the imposition of a determinate sentence not to exceed one year in the event of default of payment of a fine imposed for a felony offense. In the case of an indigent defendant, it is impermissible to impose a prison term in lieu of fine payment that would result in the defendant's serving a longer term than the statutory maximum for the offense. Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); State v. Lukefahr, 363 So.2d 661 (La.1978), cert. denied, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). In Lukefahr, 363 So.2d at 666, the court discussed the application of Article 884 as follows:
The extra prison term of one year in lieu of payment of fine is expressly authorized by La.C.Cr.P. art. 884: "If a sentence imposed includes a fine or costs, the sentence shall provide in default of payment thereof the defendant shall be imprisoned for a specified period not to exceed one year * * *."
This article must be read together with La.R.S. 40:966 to establish the statutorily possible maximum penalty, where no special circumstances such as indigency are present. [Emphasis added.]
Thus, both the mandatory nature of the imposition of a determinate sentence in the event of default of payment of a fine and the prohibition against the imposition of a sentence longer than statutorily authorized have been recognized by our Supreme Court.
Defendant's sentence of five years for the distribution of marijuana was one-half the maximum permissible term of ten years. The concurrent sentence of five years for the distribution of cocaine was a minute fraction of the maximum sentence of thirty years which could have been imposed; in fact, it was the minimum.
Superficially, then, there should be no problem with the imposition of an additional sentence which does not begin to approach the maximum sentence which the court could have imposed. We note, however, two very recent cases arising out of the Fourth Circuit in which the Louisiana Supreme Court appears to deviate from this established rule. In State v. Garrett, 480 So.2d 412 (La.App. 4th Cir.1985), writ granted, 484 So.2d 662 (La.1986), and State v. Williams, 480 So.2d 432 (La.App. 4th Cir.1985), writ granted, 484 So.2d 662 (La. 1986), the Supreme Court granted writs and deleted those portions of the sentences imposed which included an additional term for default of payment of a fine (Williams) and default of payment of court costs (Garrett). In support thereof, the court cited four United States Supreme Court cases: Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); Morris v. Schoonfield, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970); and Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). Neither of the two cases presented involved a situation wherein an indigent had been sentenced to the maximum term and, therefore, might have been subjected to a penalty longer than statutorily mandated. The Supreme Court gave no explanation for its actions beyond the citation to the above referenced cases.
The Fourth Circuit analyzed these cases and found them distinguishable, as stated in State v. Williams, 480 So.2d at 434:
In Tate and Bearden, the defendants were jailed solely because they were unable to pay the fines imposed. In Williams and Morris the additional jail time exceeded the maximum allowed by law for the principal offense.
. . . . .
In the instant case, however, defendant received a sentence of six (6) years at hard labor and a $1000.00 fine with an additional one year in default of payment. *759 The jail time, fine and additional one year for failure to pay are less than the statutory maximum allowed by law and the sentence is therefore legal. State v. Swartz, 444 So.2d 660 (La.App. 1st Cir.1983). [Footnote omitted.]
Moreover, we note other intrinsic differences between the cases cited and the circumstances presented in State v. Garrett and State v. Williams.
Williams v. Illinois presented the narrow issue of whether an indigent may be confined beyond the maximum term specified by statute because of his failure to satisfy the monetary provisions of the sentence. 399 U.S. at 236, 90 S.Ct. at 2019. The court found it had no occasion to reach the question whether a state is precluded in any other circumstances from holding an indigent accountable for a fine by use of a penal sanction and stated as follows:
We hold only that the Equal Protection Clause of the Fourteenth Amendment requires that the statutory ceiling placed on imprisonment for any substantive offense be the same for all defendants irrespective of their economic status. [Footnote omitted.]
399 U.S. at 244, 90 S.Ct. at 2023-2024. Morris v. Schoonfield was decided on the same date as Williams v. Illinois and was simply a per curiam remand to the district court to reconsider a case in light of the holding of Williams v. Illinois and intervening legislation. 399 U.S. at 508, 90 S.Ct. at 2232.
Bearden v. Georgia was a probation revocation case in which the court concluded that the trial court erred in automatically revoking probation because the petitioner could not pay his fine, without determining that he had not made sufficient bona fide efforts to pay or that adequate alternative forms of punishment did not exist. 103 S.Ct. at 2067.
Finally, Tate v. Short was concerned with various traffic offenses, and the fines which were imposed were the only sanctions the court was authorized to apply. An article of the Texas Code of Criminal Procedure provided that a defendant placed in jail on account of failure to pay the fine and costs could be discharged on habeas corpus by showing that he was too poor to pay the fine and costs and that he had remained in jail a sufficient length of time to satisfy the fine and costs at the rate of $5.00 per day. 401 U.S. at 396, 91 S.Ct. at 670. The court restated the premise of Williams v. Illinois, 399 U.S. at 244, 90 S.Ct. at 2023-2024, that the Equal Protection Clause of the Fourteenth Amendment requires that the statutory ceiling placed on imprisonment for any substantive offense be the same for all defendants irrespective of their economic status. The court in Tate, 401 U.S. at 399, 91 S.Ct. at 671, noted as follows:
Since Texas has legislated a "fines only" policy for traffic offenses, that statutory ceiling cannot, consistently with the Equal Protection Clause, limit the punishment to payment of the fine if one is able to pay it, yet convert the fine into a prison term for an indigent defendant without the means to pay his fine. Imprisonment in such a case is not imposed to further any penal objective of the State. It is imposed to augment the State's revenues but obviously does not serve that purpose; the defendant cannot pay because he is indigent and his imprisonment, rather than aiding collection of the revenue, saddles the State with the cost of feeding and housing him for the period of his imprisonment.
The substantive crime with which defendant was charged includes provisions for both imprisonment and a fine; thus, the fine is clearly both a part of the penal objectives of the state and within the statutory "ceiling" determined by the legislature. Its purpose is not to augment the state's coffers but to punish those who make their living by dealing drugs by limiting their misbegotten revenues.
The Louisiana Supreme Court has evidently determined that indigent defendants may never be subjected to confinement in lieu of payment of a fine. Although we are not persuaded that this course is correct or that it will ultimately benefit indigents *760 (who may be subject in the future to a longer base term of imprisonment with this fettering of the court's sentencing discretion), we are required to proceed accordingly. Although we have the right to disagree, we do not have the right to disobey. Since that court has found that a fine imposed on an indigent defendant is an illegal sentence, the penalty must be vacated. The sentencing function, however, belongs to the trial court. Therefore, we vacate the sentence imposed herein and remand the matter back to the trial court for resentencing in accordance with the above reasons.
CONVICTION AFFIRMED; REMANDED FOR RESENTENCING.