YELVERTON, Judge.
The defendant, Hillie Price, Jr., pleaded guilty to possession of marijuana with intent to distribute, in violation of La.R.S. 40:966(A)(1), and was sentenced to two years in the Department of Corrections. He reserved his right to appeal two rulings of the trial court, the first denying his motion to suppress evidence, and the second his plea of unconstitutionality of the marijuana law. This is that appeal. We affirm the trial court’s rulings.
On July 26, 1984, officers from the Zwolle city police were called to a mill where defendant worked in Sabine Parish, where they were shown some marijuana that had been found on mill property, that was believed to have been in the possession of the defendant. They questioned the defendant, he admitted it was his, and then he gave them verbal consent and the keys to search his vehicle. Several small bags and one larger bag of marijuana were found in the trunk.

The Motion to Suppress

The defendant complains that the marijuana recovered from the trunk of his car should have been suppressed. He contends that since no search warrant was procured and no exception to the search warrant requirement was affirmatively shown by the state, the search and seizure was unconstitutional. La. C.Cr.P. art. 703 requires that the state carry the burden of proving the admissibility of any evidence seized without a warrant. State v. Banks, 363 So.2d 491 (La.1978).
A search conducted with the consent of a defendant is an exception to both the warrant and probable cause requirements of the law. State v. Tennant, 352 So.2d 629 (La.1977). Voluntariness of the consent is a question of fact to be determined by the trial judge under the facts and circumstances of the case. Because the ruling of the trial judge is based on the credibility of witnesses and the weight of the evidence, it should not be overturned in *391 the absence of palpable abuse of discretion. State v. Tennant, supra.
The record supports a finding by the trial judge that the officer who conducted the search had permission to do so. The officer clearly testified that the defendant had verbally consented to have his car searched.
There is no merit to this assignment of error.

The Constitutionality of the Marijuana Classification

By this second assignment of error, the defendant argues that the classification of marijuana as a Schedule I drug is unconstitutional.
Defendant gives two reasons to support his contention. He argues that the classification of marijuana does not bear a rational relationship to a legitimate state interest. Secondly, he contends that the classification of marijuana is unreasonable because it is in direct conflict with and diametrically opposed to the criteria established for classifying a substance as a Schedule I drug enumerated in La.R.S. 40:963(A).
There is no merit to the defendant’s second argument as there is no conflict between the legislature’s classification and La.R.S. 40:963(A). That statute provides as follows:
“There are established five schedules of controlled substances, to be known as Schedules I, II, III, IV, and V. Such schedules shall initially consist of the substances listed in R.S. j0:96j. In determining that a substance is to be added to these schedules, the secretary of the Department of Health and Human Resources shall find the following:
“A. As to Schedule I:
(1) The drug or other substance has a high potential for abuse.
(2) The drug or other substance has no currently accepted medical use in treatment in the United States, and
(3) There is a lack of accepted safety for use of the drug or other substance under medical supervision.”
(Emphasis added)
Marijuana was not added to the list of Schedule I substances pursuant to this statute. The statute provides guidelines for the Secretary of the Department of Health arid Human Resources for determining that a substance is to be added to the schedules. The secretary is so authorized under La.R.S. 40:962.
In this case marijuana was added to the list of Schedule I controlled dangerous substances by the legislature in 1981 by Act 800. See State v. Kibodeaux, 435 So.2d 1128 (La.App. 1st Cir.1983). For this reason it is not in conflict with the statute as the defendant suggests.
The defendant further suggests that the classification is constitutionally infirm because it is simply unreasonable. Since marijuana use or distribution is not a “fundamental right”, any criminal statute classifying and proscribing the use of the substance need only be rationally related to the need to protect the public health, safety and welfare. See Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). Therefore, considering the basic presumption that legislative enactments are constitutional, State v. Skinner, 358 So.2d 280 (La.1978), and considering the extent of conflicts in the scientific community as to the effects of marijuana use and its potential for abuse, it cannot be said that the legislature had no rational or reasonable basis for classifying marijuana as a Schedule I controlled dangerous substance. See also State v. Chrisman, 364 So.2d 906 (La.1978), wherein the proscription of the use of marijuana in the privacy of one’s home was held to be constitutional.
Furthermore, the defendant fails to recognize that even though marijuana is classified as a Schedule I substance, it is not classified as a narcotic as are most Schedule I substances including opiates and opium derivatives. The legislature did recognize, contrary to defendant’s argument in brief, that marijuana does not possess the same characteristics as the remaining narcotic drugs in Schedule I. Possession and distribution of Schedule I substances *392 which are classified as narcotic drugs carry considerably greater penalties.
The assignment is without merit.
For the above reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.