SHORTESS, Judge.
Ray Thibodeaux (defendant) was charged by bill of information with two counts of distribution of marijuana, a controlled dangerous substance. LSA-R.S. 40:966 A. Defendant pled not guilty. Following trial by jury, defendant was acquitted of the first count and convicted of the second count. The trial court sentenced defendant on the second count to a three year term of imprisonment at hard labor. Execution of the sentence was suspended, and defendant was placed on supervised probation for a period of three years. As a special condition of probation, defendant was to serve six months in parish prison. In addition, defendant was ordered to pay a fine of $2,000.00 and court costs, in default of which he was to serve an additional six months in jail.[1] Defendant has appealed and urges six assignments of error. In brief he expressly abandoned two of these assignments.
FACTS
During 1984, the Franklin City Police Department conducted an extensive undercover operation. Bobby Simmons, of the Abbeville Police Department, functioned as an undercover agent, who was to purchase controlled dangerous substances whenever available. On May 25, 1984, during the course of this investigation, Officer Simmons visited defendant’s residence looking for Ricky Kohlmiller, defendant’s brother-in-law. Defendant’s wife answered the door, advised Simmons that Ricky was not there, and then introduced him to defendant. The next night Simmons returned, but no one was at home. The following night, May 27, 1984, Simmons found defendant in his yard. According to Simmons, defendant explained that he did not have marijuana with him, but his brother-in-law, Dana Kohlmiller, could get it. Dana left and returned about fifteen minutes later with an ice chest containing bags of marijuana. Simmons chose a bag and paid $50.00 for it. This transaction was the basis for count one.
The second count arose from an incident which occurred on July 17, 1984. Again Simmons went to defendant’s house. This time he wore a device which would transmit conversations for recording by other listening officers. A child answered the door, and Simmons asked for Ricky. The child told him Ricky was not there. Simmons testified that defendant came to the door and informed him that he had “a couple” to sell; that defendant escorted him to the kitchen and took a paper bag from a kitchen cabinet; that he took one of the two bags of marijuana from inside the large paper bag and paid defendant $60.00. Thereafter, Simmons and defendant discussed the possibility of jointly purchasing a pound of marijuana from defendant’s drug source.
Defendant took the stand in his own defense and admitted having a bag of marijuana and receiving $60.00 from Simmons for it. He denied being a distributor and testified that he was only guilty of stupidity. He said he got marijuana because Simmons kept “hassling” him to find some for him. Defendant had gotten the marijuana from his partner in a “snowball” operation. His defense was entrapment.
ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that the trial court erred in allowing Simmons to testify about the conversation about a possible joint purchase of one pound of marijuana because it constituted prohibited other crimes evidence.
At trial, Officer Simmons testified that, immediately after the July 17 transaction, he and defendant discussed the possibility of jointly buying one pound of marijuana from defendant’s drug source. In addition, a tape recording of that conversation was played for the jury. Prior to trial, defend *803 ant filed a motion in limine seeking to exclude the surveillance tape. The trial court deferred ruling on the motion until trial. When Simmons first mentioned the proposed purchase of one pound of marijuana, defendant objected.[2] Although reasons for the objection are not of record, we assume that defendant was reurging the grounds offered in his motion in limine.
The trial court correctly overruled this objection. The general rule is that the prosecution may not introduce evidence of defendant’s other criminal acts. An exception is made if the evidence is substantially relevant for some purpose other than to show defendant is a bad person and therefore more likely to have committed the charged offense. The prohibition does not bar admission of criminal acts that form part of the res gestae. See LSA-R.S. 15:447; 15:448; State v. Belgard, 410 So.2d 720 (La.1982). In addition, State v. Prieur, 277 So.2d 126 (La.1973), does not require the State to provide notice to defendant of crimes that fall within the res gestae exception. State v. Belgard, 410 So.2d at 723. Here, the discussion of the intended purchase of a pound of marijuana occurred only moments after defendant had sold Simmons marijuana. Thus, it was part of the continuous transaction of drug distribution between defendant and the officer.
Moreover, defendant invoked the defense of entrapment. When entrapment is a defense, the prosecution may introduce evidence of other criminal activity to show a defendant’s predisposition to commit the crime. See State v. Batiste, 363 So.2d 639 (La.1978), on rehearing. Although the actual purchase of a pound of marijuana involved a future criminal act, the discussion was material to defendant’s predisposition to distribute marijuana. During the discussion with Simmons, defendant identified his drug source and revealed detailed knowledge of the logistics of purchasing a quantity of marijuana.
For the foregoing reasons, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER FOUR
After the State rested its case but prior to closing arguments, the trial court briefly explained the nature of the offense and delineated the responsive verdicts for the jury. Defendant moved for a mistrial, objecting on the grounds that the explanation amounted to a pre-charge of the jury, which served to emphasize only possible guilty verdicts. Defendant contends that the trial court erred by overruling his objection and failing to grant a mistrial.
Defendant argues that he was prejudiced because the timing of the limited instructions deviated from the normal order of trial set forth in LSA-C.Cr.P. art. 765. Defendant also complains because the limited instructions to the jury did not mention the possibility of returning a not guilty verdict.
Initially we note that the short statement by the trial court did not alter the normal order of trial. The trial court delivered extensive, detailed instructions to the jury following closing arguments. See LSA-C.Cr.P. art. 801. In addition, the Louisiana Supreme Court has recognized that a limited early instruction may be helpful to a jury under certain circumstances. See State v. Rome, 432 So.2d 207 (La.1983).
Furthermore, we do not find that defendant was prejudiced by the trial court’s failure to expressly mention the not guilty verdict during this limited instruction. The record reveals that the trial court emphasized the possibility of returning a not guilty verdict in at least three different instances during its general charge to the jury. The fact that the jury returned a not guilty verdict on count one further evidences that it was not misled by the trial court’s limited instruction.
Mistrial is a drastic remedy and, except in instances in which mistrial is mandatory, is warranted only when a trial error results in substantial prejudice to defendant depriving him of a reasonable expectation of a fair trial. See State v. Over *804 ton, 337 So.2d 1058 (La.1976). The decision as to the necessity of granting a mistrial is within the sound discretion of the trial court. State v. Odds, 430 So.2d 1269 (La.App. 1st Cir.1983). We find no abuse of discretion in this instance.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER FIVE
Defendant contends that the trial court erred by denying his motion for new trial which was based on the impropriety of the jury foreman’s speaking with a prosecution witness during a recess at trial.
Defendant alleged in his motion for new trial that Charles Cossey, a policeman who testified at trial, conversed with Gerald Co-meaux, foreman of the jury, during a recess. Defendant produced the testimony of Morris Adams, who was in court during the trial as a spectator. Adams, defendant’s neighbor, testified that Comeaux and Cossey talked sporadically over a ten-minute interval.
In response to this allegation, Comeaux testified that, although he may have talked to Cossey, he did not speak with him about the trial. Cossey related that he did not talk with any juror during the trial.
The trial court resolved the conflict by concluding that, even if there had been a conversation between Cossey and Co-meaux, it did not focus on the trial and defendant had not shown any prejudice.
A juror who considers evidence not developed or admitted at trial violates his sworn duty and may be guilty of misconduct. See State v. Graham, 422 So.2d 123 (La.1982). In the present case, by taking evidence relevant to the allegations of prejudicial juror misconduct, the trial court correctly followed the law at the hearing on the motion for new trial. See State v. Graham. In addition, it ruled correctly, in our opinion, that it had not been shown that a reasonable possibility of prejudice existed.
Accordingly, this assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER SIX
Defendant contends that the trial judge erred by imposing an excessive sentence.
As previously noted, defendant’s three-year sentence was suspended, and he was placed on supervised probation for a three-year period. As a special condition of probation, defendant is to serve six months in parish prison.
A review of individual exces-siveness is considered in light of the criteria expressed by LSA-C.Cr.P. art. 894.1, the circumstances of the crime and the trial judge’s stated reasons and factual basis for this sentencing decision. State v. Cox, 369 So.2d 118 (La.1979). The trial judge has wide discretion in the imposition of a sentence within statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979). Given compliance with the sentencing criteria of LSA-C.Cr.P. art. 894.1, the sentence imposed will not be set aside in the absence of manifest abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984).
The trial judge carefully particularized the sentence, considering mitigating and aggravating factors as set forth in LSA-C.Cr.P. art. 894.1 as they apply to defendant. The judge ordered a presen-tence investigation report, noting that this was defendant’s first felony conviction. Cognizant that incarceration would work a hardship on defendant’s wife and two minor children, the trial judge nevertheless felt that a limited period of incarceration was necessary because a lesser sentence would deprecate the seriousness of the crime and treatment in a custodial environment was indicated.
We cannot say that the sentence imposed is excessive under the circumstances. The trial judge fully considered the range of sentencing alternatives and individualized the sentence to defendant for the crime involved. This assignment of error is without merit.
*805 For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Defendant has retained counsel and has remained out on bond during the pendency of these proceedings. Thus, he is apparently not indigent. The proscription against imposing imprisonment for indigents in default of payment of a fine does not apply in this case. See State v. Bohanna, 491 So.2d 756 (La.App. 1st Cir.1986).

. The record does not indicate that defendant moved for a mistrial as his assignment of error suggests.