CARTER, Judge.
Defendant, James V. Smith, was charged by bill of information with distribution of marijuana, a controlled dangerous substance, in violation of LSA-R.S. 40:966. Defendant pled not guilty. Following trial by jury, he was convicted as charged. Before sentencing, the state filed a bill of information charging defendant as a habitual offender, pursuant to LSA-R.S. 15:529.-1. The trial court sentenced defendant to a term of twelve years at hard labor and ordered him to pay a five thousand dollar fine, in default of which he was to receive one additional year at hard labor.
Defendant brings this appeal, urging three assignments of error:
(1) There is an insufficient factual basis upon which a rational trier of fact could find defendant guilty beyond a reasonable doubt.
(2) The sentence is excessive.
(3) Because of error patent on the face of the record the conviction must be reversed.
Assignment of error number one was not briefed and, therefore, is considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
Defendant was arrested as part of an undercover narcotics operation conducted in St. Tammany Parish over a period of several months. Detective Randy Caire operated as an undercover agent to purchase controlled dangerous substances whenever available. On March 29, 1984, Caire bought a package of marijuana from defendant for $30.00. Caire did not make further purchases from defendant and was *806 not present at his arrest, which occurred some time later. However, Caire testified at trial relating his dealings with defendant and positively identified defendant as the person from whom he purchased the marijuana.
By assignment of error number two, defendant urges that the sentence imposed is excessive.
LSA-C.Cr.P. art. 894.1 sets forth the items which must be considered by the trial judge before passing sentence. The trial judge need not recite the entire checklist of article 894.1, but the record must reflect that he adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984). A review of individual excessiveness is considered in light of the criteria expressed by article 894.1, the circumstances of the crime and the trial judge’s stated reasons and factual basis for this sentencing decision. State v. Cox, 369 So.2d 118 (La.1979).
The trial judge has wide discretion in imposition of a sentence within statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979). The term of imprisonment actually imposed by the trial judge was only slightly more than one-half of the maximum penalty for a second felony habitual offender. See LSA-R.S. 40:966B(2); 15:529.1A(1). Given compliance with the sentencing criteria of article 894.1, a sentence will not be set aside in the absence of manifest abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984).
A review of the record in this case reveals that the trial judge carefully particularized the sentence, considering factors set forth in article 894.1 as they apply to defendant. The trial judge ordered a pre-sentence investigation report noting that, when the instant offense occurred, defendant was still subject to supervised probation derived from a 1983 conviction for distribution of marijuana. The trial judge opined that any lesser sentence would deprecate the seriousness of the offense. In addition, the need for an extensive period of incarceration was justified by the likelihood that defendant would return to drug trafficking if he were afforded the opportunity.
We cannot say that the term of imprisonment imposed is excessive under the circumstances. The trial judge fully considered the range of sentencing alternatives and individualized the sentence to the particular defendant for the particular crime involved.
In addition to his general complaint about the twelve-year term of imprisonment, defendant contends that the additional one-year prison term, which would arise from his failure to pay the five thousand dollar fine, was impermissibly imposed because of his indigency.
Louisiana Code of Criminal Procedure article 884 expressly provides for the imposition of a determinate sentence not to exceed one year in the event of default of payment of a fine imposed for a felony offense. In the case of an indigent defendant, it is impermissible to impose a prison term in lieu of a fine payment that would result in a defendant’s serving a longer term than the statutory maximum for the offense. Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); State v. Lukefahr, 363 So.2d 661 (La.1978), cert. denied, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979).
Based on the aforementioned authority, it would appear that the trial court could impose an additional sentence which does not begin to approach the maximum sentence which the trial court could have imposed in this case. However, in State v. Bohanna, 491 So.2d 756 (La.App. 1st Cir.1986), we said:
We note, however, two very recent cases arising out of the Fourth Circuit in which the Louisiana Supreme Court appears to deviate from this established rule. In State v. Garrett, 480 So.2d 412 (La.App. 4th Cir.1985), writ granted, 484 So.2d 662 (La.1986), and State v. Williams, 480 So.2d 432 (La.App. 4th Cir.1985), writ granted, 484 So.2d 662 (La.1986), the Supreme Court granted writs and deleted those portions of the sentences imposed which included an additional term for *807 default of payment of a fine (Williams) and default of payment of court costs (Garrett). In support thereof, the court cited four United States Supreme Court cases: Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); Morris v. Schoonfield, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970); and Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). Neither of the two cases presented involved a situation wherein an indigent had been sentenced to the maximum term and, therefore, might have been subjected to a penalty longer than statutorily mandated. The Supreme Court gave no explanation for its actions beyond the citation to the above referenced cases. [491 So.2d at 758]
Following extensive discussion of the cases cited by the Louisiana Supreme Court, we concluded:
The Louisiana Supreme Court has evidently determined that indigent defendants may never be subjected to confinement in lieu of payment of a fine. Although we are not persuaded that this course is correct or that it will ultimately benefit indigents (who may be subject in the future to a longer base term of imprisonment with this fettering of the court’s sentencing discretion), we are required to proceed accordingly. [491 So.2d at 759-760]
Since the Supreme Court has evidently determined that a fine imposed on an indigent defendant is an illegal sentence, the penalty imposed under LSA-C.Cr.P. art. 884 is vacated. The sentence is amended to delete only that portion which imposes one additional year of imprisonment in default of payment of the fine, and in all other respects the sentence is affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED.