537 So.2d 821 (1989)
STATE of Louisiana
v.
Benjamin BOYNTON.
No. 88-KA-467.
Court of Appeal of Louisiana, Fifth Circuit.
January 18, 1989.
Donald Carmouche, Anthony J. Nobile, Convent, for plaintiff/appellee.
Barry J. Landry, Reserve, for defendant/appellant.
Before CHEHARDY, BOWES and WICKER, JJ.
WICKER, Judge.
Benjamin Boynton appeals the sentence imposed as a result of his guilty plea to the charge of possession with intent to distribute marijuana, La.R.S. 40:966 A and C. We affirm but amend.
The trial judge sentenced Boynton to two years' imprisonment, suspended, with unsupervised probation for five years. He also ordered Boynton, as a special condition of probation, to pay court costs of $2,500.00 and a fine of $5,000.00. Should Boynton fail to pay the fine immediately, the trial judge sentenced him to one year's imprisonment in addition to the two years imposed for his crime. Boynton argues that this sentence exposes him to incarceration solely on the basis of his indigent status, since he is unable to pay the fine.
The penalty for violation of La.R.S. 40:966 A, distribution of a controlled dangerous substance, is a sentence of five to thirty years at hard labor and a fine of $15,000.00. The penalty for violation of subsection C, possession of a controlled dangerous substance, is a maximum sentence, with or without hard labor, of five years and a fine of $5,000.00. "If a sentence imposed includes a fine or costs, the sentence shall provide that in default of payment thereof the defendant shall be imprisoned for a specified period not to exceed one year...." La.C.Cr.P. art. 884 (emphasis added).
Public policy favors imposing fines on convicted drug dealers in order to limit "their misbegotten revenues." State v. Bohanna, 491 So.2d 756, 759 (La.App. 1st Cir.1986). This was most likely a factor in the recommendation of the pre-sentence investigator:
It is my opinion also that subject [Boynton] should be incarcerated. This may be his first conviction, but it appears that Boynton was dealing in large amount of marijuana. Boynton claims in his letter [to Probation and Parole] that he got involved in dealing drugs because he could not find steady work. Boynton *822 himself proved this to be a poor excuse by doing now what he should have done then. That is he moved to a place where work was available and is earning a legal income. I also feel that ... Boynton should be ordered to pay all court costs and fined the maximum the law allows because of his earning money not only illegally but tax free.
The trial judge's discretion to impose fines is not unfettered, however. A defendant's inability to pay a fine must not result in more jail time than a non-indigent defendant would serve.
Initially, the jurisprudence held that a fine could not be imposed upon an indigent which, upon default of its payment, would result in a sentence in excess of the statutory maximum. State v. Lukefahr, 363 So.2d 661 (La.1978) U.S. cert. den. 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979); State v. Smith, 509 So.2d 805 (La.App. 1st Cir.1987). Recent jurisprudence from the Supreme Court seems to indicate that even a sentence which does not exceed the statutory maximum may not be imposed upon an indigent who cannot pay the fine. In State v. Williams, 480 So.2d 432 (La.App. 4th Cir.1985), writ granted 484 So.2d 662 (La.1986) and State v. Garrett, 480 So.2d 412 (La.App. 4th Cir.1985), writ granted 484 So.2d 662 (La.1986), the Court vacated, without explanation, two sentences imposed on indigents which did not exceed the maximum statutory penalty for the crimes committed.
We find no evidence in the record that Boynton is indigent, even though he claims to be in his brief. He is represented by retained counsel, which is evidence of his non-indigent status. State v. King, 446 So.2d 561 (La.App. 3rd Cir.1984). Since his conviction, he has moved to California where he is employed in the construction business. His employer's letter states that "his continued employment is assured." At the sentencing, Boynton made no claim of inability to pay a fine but only inquired, through his counsel, how long he had to pay the fine. The trial judge did not abuse his sentencing discretion and, in fact, very carefully and diligently applied the provisions of La.C.Cr.P. art. 894.1.
We do note, however, a failure to give Boynton credit for the time previously served, as mandated by La.C.Cr.P. art. 880. We amend his sentence to reflect this credit, but we otherwise affirm Benjamin Boynton's conviction and sentence.
AFFIRMED AND AMENDED.